## Exhibit B

# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR
# EXTRAJUDICIAL DOCUMENTS

### DEMANDE AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ÉTRANGER
### D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in
Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.**

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en
matière civile ou commerciale, signée à La Haye le 15 novembre 1965.

| **Identity and address of the applicant**<br>Identité et adresse du requérant<br>Honorable Sean H. Lane<br>United States Bankruptcy Court for the Southern<br>District of New York, One Bowling Green, New<br>York, New York, 10004-1408, United States of<br>America<br>Telephone: (212) 668-5637<br>Email: shl.chambers@nysb.uscourts.gov | **Address of receiving authority**<br>Adresse de l'autorité destinataire<br>The Senior Master<br>Foreign Process Section<br>Room E16<br>Royal Courts of Justice<br>Strand<br>LONDON WC2A 2LL |
|---|---|

**The undersigned applicant has the honour to transmit – in duplicate – the documents listed
below and, in conformity with Article 5 of the above-mentioned Convention, requests prompt
service of one copy thereof on the addressee, i.e.:**

Le requérant soussigné a l'honneur de faire parvenir – en double exemplaire – à l'autorité destinataire les
documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire
remettre sans retard un exemplaire au destinataire, à savoir :

**(identity and address)**
(identité et adresse)
Nirav Deepak Modi, a defendant in the proceedings captioned in the listed documents
HMP Wandsworth
Heathfield Road, London, SW18 3HU
United Kindgom (or, at any such address as he may be detained by Her Majesty's Government or
otherwise located)

| ☒ | a) | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention*** |
|---|---|---|
| | | selon les formes légales (article 5, alinéa premier, lettre a))* |
| ☐ | b) | **in accordance with the following particular method (sub-paragraph b) of the first paragraph of Article 5)*:** |
| | | selon la forme particulière suivante (article 5, alinéa premier, lettre b)* : |
| | | ——— |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily (second paragraph of Article 5)*** |
| | | le cas échéant, par remise simple (article 5, alinéa 2)* |

**The authority is requested to return or to have returned to the applicant a copy of the documents -
and of the annexes* - with the attached certificate.**

Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes* -
avec l'attestation ci-jointe.

***List of documents** / Énumération des pièces*

- Amended Complaint to Determine Interests in Property [Exhibit 1]
- Summons and Notice of Pretrial Conference in an Adversary Proceeding [Exhibit 2]
- Order Regarding Nirav Deepak Modi's Time to Respond to the Complaint [Exhibit 3]

* if appropriate / s'il y a lieu

| **Done at** / Fait à New York, New York, United States of America,<br><br>**The /** le | **Signature and/or stamp**<br>Signature et / ou cachet |
|---|---|

# CERTIFICATE
## ATTESTATION

**The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,**
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

☐ **1. that the document has been served\***
   que la demande a été exécutée\*

| — **the (date)** / le (date)**:** | 1. Insert the date when the document was served |
|---|---|
| — **at (place, street, number):** à (localité, rue, numéro) : | 2. Insert the place, street and number where the document was served |

| — **in one of the following methods authorised by Article 5:** dans une des formes suivantes prévues à l'article 5 : | |
|---|---|
| ☐ | *a)* **in accordance with the provisions of sub-paragraph *a)* of the first paragraph of Article 5 of the Convention\*** selon les formes légales (article 5, alinéa premier, lettre *a)*)\* |
| ☐ | *b)* **in accordance with the following particular method\*:** selon la forme particulière suivante\* : _____ |
| ☐ | *c)* **by delivery to the addressee, if he accepts it voluntarily\*** par remise simple\* |

**The documents referred to in the request have been delivered to:**
Les documents mentionnés dans la demande ont été remis à :

| **Identity and description of person:** Identité et qualité de la personne : | 3. Insert the identity and description of the person who received the documents |
|---|---|
| **Relationship to the addressee (family, business or other):** Liens de parenté, de subordination ou autres, avec le destinataire de l'acte : | 4. Insert the relationship to the addressee of the person who received the documents |

☐ **2. that the document has not been served, by reason of the following facts\*:**
   que la demande n'a pas été exécutée, en raison des faits suivants\* :

| 5. Insert facts/reasons why the document has not been served |
|---|

☐ **In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement\*.**
   Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint\*.

*Annexes* / *Annexes*

| **Documents returned:** Pièces renvoyées : | Insert a list of the documents that are being returned |
|---|---|
| **In appropriate cases, documents establishing the service:** Le cas échéant, les documents justificatifs de l'exécution : | Insert a list of the documents that establish that service has been effected |

\*  *if appropriate / s'il y a lieu*

| **Done at** / Fait à  Insert the location where you signed the Certificate **The** / le  Insert the date on which you signed the Request (spelt out in full) | **Signature and/or stamp** Signature et / ou cachet |
|---|---|

# WARNING
## AVERTISSEMENT

**Identity and address of the addressee**
Identité et adresse du destinataire
Nirav Deepak Modi, a defendant in the proceedings captioned in the listed documents
HMP Wandsworth
Heathfield Road, London, SW18 3HU
United Kindgom (or, at any such address as he may be detained by Her Majesty's Government or
otherwise located)

### IMPORTANT

**THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.**

**IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.**

**ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:**

### TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

The Legal Aid Society
199 Water Street, New York, NY 10038, United States of America
Telephone: +1 (212) 577-3300

**It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.**

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

## SUMMARY OF THE DOCUMENT TO BE SERVED
### ÉLÉMENTS ESSENTIELS DE L'ACTE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).**

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:**<br>Nom et adresse de l'autorité requérante : | Honorable Sean H. Lane<br>United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004-1408, United States of America |
| **Particulars of the parties\*:**<br>Identité des parties\* : | Firestar Diamond, Inc. f/k/a Firestone, Inc. (Debtor)<br>c/o Richard Levin, Chapter 11 Trustee<br>Jenner & Block LLP<br>919 Third Avenue, New York NY 10022, USA<br>+1 (612) 891-1601<br><br>Fantasy, Inc. (Debtor)<br>c/o Richard Levin, Chapter 11 Trustee<br>Jenner & Block LLP<br>919 Third Avenue, New York NY 10022, USA<br>+1 (612) 891-1601<br><br>Old AJ, Inc. f/k/a A. Jaffe, Inc. f/k/a Sandberg & Sikorski Corp. (Debtor)<br>c/o Richard Levin, Chapter 11 Trustee<br>Jenner & Block LLP<br>919 Third Avenue, New York NY 10022, USA<br>+1 (612) 891-1601<br><br>Richard Levin (Plaintiff) represented by Jenner & Block LLP, 919 Third Avenue, New York, New York 10022, USA; contactable through his attorneys: Angela Allen, aallen@jenner.com +1 (312) 222-9350, and Carl Wedoff, cwedoff@jenner.com, +1 (212) 891-1600<br><br>Nirav Deepak Modi (Defendant)<br>HMP Wandsworth<br>Heathfield Road, London, SW18 3HU<br>United Kingdom<br><br>Ami Modi (Defendant)<br>c/o Patterson Belknap Webb & Tyler LLP<br>Attn: Daniel S. Ruzumna<br>1133 Avenue of the Americas<br>New York, NY 10036<br><br>Deepak Kumar Modi (Defendant)<br>Eekhoornlan 44<br>2610 Wilrijk<br>Antwerpen, Belgium<br><br>Mihir Bhansali (Defendant)<br>c/o White and Williams LLP<br>Attn: Thomas E. Butler<br>7 Times Square, Suite 2900<br>New York, NY 10036<br><br>Purvi Mehta (Defendant)<br>7A Estoril Court Block 1<br>55 Garden Road<br>Mid-Levels West<br>Hong Kong |

Firestar Holdings Limited (Defendant)
21-23, 2nd Floor
New Henry House
10 Ice House Street
Central, Hong Kong
+852 (2530) 3677

Firestar Diamond International, Inc. (Defendant)
c/o Reed Smith LLP
Attn: Michael P. Cooley
2501 N. Harwood St., Suite 1700
Dallas, TX 75201

Synergies Corporation (Defendant)
c/o Reed Smith LLP
Attn: Michael P. Cooley
2501 N. Harwood St., Suite 1700
Dallas, TX 75201

AVD Trading, Inc.(Defendant)
c/o Reed Smith LLP
Attn: Michael P. Cooley
2501 N. Harwood St., Suite 1700
Dallas, TX 75201

Firestar Group, Inc. (Defendant)
c/o Reed Smith LLP
Attn: Michael P. Cooley
2501 N. Harwood St., Suite 1700
Dallas, TX 75201

Nirav Modi, Inc. (Defendant)
c/o Reed Smith LLP
Attn: Michael P. Cooley
2501 N. Harwood St., Suite 1700
Dallas, TX 75201

\* If appropriate, identity and address of the person interested in the transmission of the document
S'il y a lieu, identité et adresse de la personne intéressée de la transmission de l'acte

☒ **JUDICIAL DOCUMENT\*\***
  ACTE JUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | The Order attached as Exhibit 3 requires Nirav Deepak Modi, as a Defendant in the proceedings, to respond to the Complaint, as amended, within 30 days after service of the Complaint [Exhibit 1] and Summons [Exhibit 2]. |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:**<br>Nature et objet de l'instance, le cas échéant, le montant du litige : | The Amended Complaint [Exhibit 1] seeks to determine the validity, priority, and extent of any interest of the Defendants in certain items of artwork identified in Exhibit A to the Amended Complaint and obtain such further relief as the court deems just and proper. |
| **Date and Place for entering appearance\*\*:**<br>Date et lieu de la comparution\*\* : | June 10, 2019<br>Courtroom 701<br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 |
| **Court which has given judgment\*\*:**<br>Juridiction qui a rendu la décision\*\* : | United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 |
| **Date of judgment\*\*:**<br>Date de la décision\*\* : | 18 April 2019 |

| **Time limits stated in the document\*\*:**<br>Indication des délais figurant dans l'acte\*\* : | Under the Order attached as Exhibit 3, Nirav Deepak Modi is required to submit a motion or answer to the Complaint to the clerk of the bankruptcy court within 30 days after Service of the Complaint and Summons. |
|---|---|

\*\* if appropriate / s'il y a lieu

☐ **EXTRAJUDICIAL DOCUMENT\*\***
ACTE EXTRAJUDICIAIRE\*\*

| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | 11. Describe the nature and purpose of the document |
|---|---|
| **Time-limits stated in the document\*\*:**<br>Indication des délais figurant dans l'acte\*\* : | 12. Specify limits |

\*\* if appropriate / s'il y a lieu

# **Exhibit 1**

Amended Complaint

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>(Jointly Administered) |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., *et al.*<br><br>Plaintiff,<br><br>v.<br><br>NIRAV DEEPAK MODI, AMI MODI, DEEPAK MODI, MIHIR BHANSALI, PURVI MEHTA, FIRESTAR HOLDINGS LIMITED, SYNERGIES CORPORATION, AVD TRADING, INC., NIRAV MODI, INC., FIRESTAR DIAMOND INTERNATIONAL, INC., FIRESTAR GROUP, INC.<br><br>Defendants. | Adv. Proc. No. 19-1103 (SHL) |

## FIRST AMENDED COMPLAINT TO DETERMINE INTERESTS IN PROPERTY (SCULPTURES)

Richard Levin, Chapter 11 Trustee (the "**Trustee**") for the above-captioned debtors (the "**Debtors**") states for his complaint as follows:

## NATURE OF THE ACTION

1.     The Trustee brings this adversary proceeding on behalf of the bankruptcy estates of Firestar Diamond, Inc. ("**Firestar**"), Fantasy, Inc. ("**Fantasy**"), and Old AJ, Inc. (f/k/a A. Jaffe, Inc.) ("**Jaffe,**" together with Firestar and Fantasy, the "**Debtors**") against Nirav Deepak Modi,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

Ami Modi, Deepak Modi, Mihir Bhansali, Purvi Mehta, Firestar Holdings Limited ("**Firestar Hong Kong**"), Firestar Diamond International, Inc. ("**FDI**")**,** Synergies Corporation ("**Synergies**"), AVD Trading, Inc. ("**AVD**"), Firestar Group, Inc. ("**FGI**"), and Nirav Modi, Inc. ("**NMI**") (collectively, the "**Defendants**") to (i) determine the validity, priority, and extent of any interest of Defendants in certain items of artwork identified on the list annexed to this Complaint as Exhibit A; and (ii) obtain such further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This is an adversary proceeding brought under section 541(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") and Rule 7001(2) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) because this is an adversary proceeding arising under the Bankruptcy Code and arising in and related to the Debtors' jointly administered chapter 11 cases pending in this Court.

4. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order, and the Trustee consents to the entry of a final order by the Court.

## THE PARTIES

6. Plaintiff Richard Levin is the chapter 11 trustee for the Debtors, duly appointed under section 1104(a) of the Bankruptcy Code by the United States Trustee for Region 2 on June 14, 2018.

7. Firestar is a Delaware corporation having its principal place of business in New York, New York and a debtor in the above-captioned chapter 11 cases.

8.      Fantasy is a Delaware corporation having its principal place of business in New York, New York and a debtor in the above-captioned chapter 11 cases.

9.      Jaffe is a New York corporation having its principal place of business in New York, New York and a debtor in the above-captioned chapter 11 cases.

10.     Defendant Firestar Hong Kong is a wholly owned subsidiary of FIL and is the indirect parent of the Debtors. Upon information and belief, Firestar Hong Kong is incorporated in Hong Kong.

11.     Defendant Synergies is an indirect affiliate of the Debtors. Upon information and belief, Synergies is incorporated in Delaware.

12.     Defendant AVD is an indirect affiliate of the Debtors. Upon information and belief, AVD is incorporated in Delaware.

13.     Defendant NMI is an indirect affiliate of the Debtors. Upon information and belief, NMI is incorporated in Delaware.

14.     Defendant FDI is the majority owner of Jaffe. Upon information and belief, FDI is incorporated in Delaware.

15.     Defendant FGI is the direct parent of Firestar. Upon information and belief, FGI is incorporated in Delaware.

16.     Defendant Nirav Deepak Modi is the majority shareholder of FIL. Upon information and belief Nirav Deepak Modi is a citizen of India.

17.     Defendant Ami Modi is the wife of Nirav Modi. Upon information and belief, Ami Modi is a U.S. citizen and resides in New York.

18.     Defendant Deepak Kumar Modi is the father of Nirav Modi. Upon information and belief, Deepak Modi is a citizen of India and resides in Hong Kong.

19.   Defendant Purvi Mehta is the sister of Nirav Modi. Upon information and belief, Purvi Mehta is citizen of Belgium and resides in Hong Kong.

20.   Defendant Mihir Bhansali is the former Chief Executive Officer of Debtors Firestar and Fantasy. Upon information and belief, Mihir Bhansali is a citizen of India and resides in New York.

## BACKGROUND

21.   On February 26, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases. On June 14, 2018, the Court entered an order approving the appointment of the Trustee. [Dkt. 227.]

22.   The Trustee is currently in possession of 23 head-shaped sculptures, as more fully described in Exhibit A (collectively, the "**Sculptures**").

23.   Twenty-two of the Sculptures are, upon information and belief, made of terracotta, stucco, or schist and are of Indian or Southeast Asian origin (collectively, the "**Stone Sculptures**").

24.   Based upon information received from Christie's Inc., the Stone Sculptures were purchased by "Deepak Modi," with an address in Hong Kong, in March 2010 at an auction conducted in New York by Christie's Inc.

25.   The remaining Sculpture is a gilded female head that, upon information and belief, was created by Indian artist Ravinder Reddy in 2000 and is entitled *An Dalu* ("**An Dalu**"). Upon information and belief, An Dalu was sold by Christie's London in 2015 The Trustee has not been able to ascertain the identity of the purchaser at the auction.

26.   The Trustee believes the Sculptures have substantial value.

27.   The Sculptures were on display in an executive office in the Debtors' offices at 592 5th Avenue, New York, New York as of the Petition Date and when the Trustee was appointed

28.     After the Trustee's appointment, Defendant Ami Modi appeared at the Debtors' offices claiming to be the owner of the Sculptures and demanding that the Sculptures be turned over to her. Mark Samson, the Debtors' Chief Restructuring Officer at the time, refused to turn over the Sculptures absent proof of ownership.

29.     On December 6, 2018, Daniel Ruzumna of the New York law firm Patterson Belknap Webb & Tyler LLP, an attorney claiming to represent Ami Modi, contacted the Trustee's counsel regarding the Sculptures. The Trustee's counsel advised Mr. Ruzumna that upon presentation of proof of ownership, the Trustee would turn over the Sculptures but not otherwise. The Trustee has not heard from Mr. Ruzumna since December 6, 2018.

30.     No Defendant, nor any other party, has provided proof of ownership to the Trustee as to any Sculpture.

31.     The Trustee has not located any documentation identifying the current owner of any Sculpture, other than the information received from Christie's Inc. about the Stone Sculptures.

32.     No Defendant, nor any other party, has filed any document in the Debtors' chapter 11 cases concerning any Sculpture.

33.     In the absence of any evidence to the contrary, there is no reason to believe the Debtors did not own each Sculpture as of the commencement of their chapter 11 cases.

## COUNT I
### DECLARATORY JUDGMENT
#### (Abandonment)

34.     The Trustee repeats, realleges, and incorporates, as though fully set forth herein, paragraphs 1 through 33.

35.     Under New York law, "the abandonment of property is the relinquishing of all title, possession, or claim to or of it—a virtual intentional throwing away of it." *See, e.g., U.S. v.*

*Cowan*, 396 F.2d 83, 87 (2d Cir. 1968) (quoting *Foulke v. N.Y. Consol. R.R. Co.*, 228 N.Y. 269, 273 (1920)).

36.     By this adversary complaint, the Trustee notifies each Defendant that he intends to treat each Sculpture as abandoned by anyone other than the Trustee and as property of the Debtors' estates in the absence of any proof of ownership to the contrary.

37.     To the extent each Defendant fails to respond to this complaint, provide proof of ownership, or otherwise assert an interest in any Sculpture, they will have intentionally relinquished—and therefore abandoned—any and all interest they might have in any Sculpture.

**COUNT II**
**DECLARATORY JUDGMENT**
**(11 U.S.C. § 541(a))**

38.     The Trustee repeats, realleges, and incorporates, as though fully set forth herein, paragraphs 1 through 37.

39.     Under section 541(a) of the Bankruptcy Code, the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a).

40.     Upon information and belief, the Debtors were in possession of each Sculpture at the time they commenced their chapter 11 cases.

41.     The Trustee is currently in possession of each Sculpture.

42.     In the absence of any evidence to the contrary, there is no reason to believe the Debtors did not own each Sculpture as of the commencement of their chapter 11 cases.

43.     To the extent each Defendant fails to respond to this complaint, provide proof of ownership, or otherwise assert an interest in any Sculpture, they will have intentionally relinquished—and therefore abandoned—any and all interest they might have in each Sculpture.

44. Under New York law, "[a]bandoned property is owned by him who takes it into his ownership." *Foulke,* 228 N.Y. at 173.

45. Thus, each Sculpture constitutes property of the Debtors' estates, and the Trustee is entitled to a declaratory judgment to that effect.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against each Defendant as follows:

A. Declaring that each Defendant abandoned any and all interest in each Sculpture;

B. Declaring that each Sculpture is property of the Debtors' estates; and

C. Granting the Trustee such further relief as the Court deems just and proper.

Dated: April 1, 2019          Respectfully submitted,
New York, New York

JENNER & BLOCK LLP

By: /s/ Marc Hankin
Marc Hankin
Carl Wedoff
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (*pro hac vice* admission pending)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*

**EXHIBIT A**

| Sculpture | Auction Information |
|---|---|
|  | Sale # 2300<br>Indian and Southeast Asian Art<br>Christie's New York<br>23 March 2010 |
|  | Sale # 2300<br>Indian and Southeast Asian Art<br>Christie's New York<br>23 March 2010 |

18-01105-shl    Doc 6-1    Filed 04/05/19    Entered 04/05/19 01:27:03    Exhibit A    Pg 21 of 22



| | Sale # 2300<br>Indian and Southeast Asian Art<br>Christie's New York<br>23 March 2010 |
|---|---|
| | Sale # 2300<br>Indian and Southeast Asian Art<br>Christie's New York<br>23 March 2010 |



Sale # 2300
Indian and Southeast Asian Art
Christie's New York
23 March 2010



Sale # 2300
Indian and Southeast Asian Art
Christie's New York
23 March 2010

| | |
|---|---|
|  | Sale # 2300<br>Indian and Southeast Asian Art<br>Christie's New York<br>23 March 2010 |
|  | Sale # 2300<br>Indian and Southeast Asian Art<br>Christie's New York<br>23 March 2010<br>Lot #103<br>(1 of 9) |



Sale # 2300
Indian and Southeast Asian Art
Christie's New York
23 March 2010



Sale # 2300
Indian and Southeast Asian Art
Christie's New York
23 March 2010

|  | Sale # 2300<br>Indian and Southeast Asian Art<br>Christie's New York<br>23 March 2010 |
|---|---|
|  | Sale # 2300<br>Indian and Southeast Asian Art<br>Christie's New York<br>23 March 2010 |



Sale # 2300
Indian and Southeast Asian Art
Christie's New York
23 March 2010



Sale # 2300
Indian and Southeast Asian Art
Christie's New York
23 March 2010



Sale # 2300
Indian and Southeast Asian Art
Christie's New York
23 March 2010



Sale # 2300
Indian and Southeast Asian Art
Christie's New York
23 March 2010



Sale # 2300
Indian and Southeast Asian Art
Christie's New York
23 March 2010



Sale # 2300
Indian and Southeast Asian Art
Christie's New York
23 March 2010

|  | Sale # 2300<br>Indian and Southeast Asian Art<br>Christie's New York<br>23 March 2010 |
|---|---|
|  | Sale # 2300<br>Indian and Southeast Asian Art<br>Christie's New York<br>23 March 2010 |

| | |
|---|---|
|  | Sale # 2300<br>Indian and Southeast Asian Art<br>Christie's New York<br>23 March 2010 |
|  | Sale # 2300<br>Indian and Southeast Asian Art<br>Christie's New York<br>23 March 2010 |



"An Dalu" by Ravinder Reddy (2000)

Sale # 10247
South Asian Modern + Contemporary Art
Christie's London
June 10, 2015

## **Exhibit 2**

Amended Summons

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re: Firestar Diamond, Inc. and Fantasy, Inc.          Bankruptcy Case No.: 18−10509−shl

Richard Levin Chapter 11 Trustee of Firestar Diamond, Inc., et al.

Plaintiff(s),

−against−          Adversary Proceeding No. 19−01103−shl

Nirav Deepak Modi
Ami Modi
Deepak Modi
Mihir Bhansali
Purvi Mehta
Firestar Holdings Limited
Firestar Diamond International, Inc.
Synergies Corporation
AVD Trading, Inc.
Firestar Group, Inc.
Nirav Modi, Inc.

Defendant(s)

## SECOND
## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days, to:

| Address of Clerk: |
|---|
| **Clerk of the Court**<br>**United States Bankruptcy Court**<br>**Southern District of New York**<br>**One Bowling Green**<br>**New York, NY 10004−1408** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: |
|---|
| **Carl N Wedoff**<br>**Jenner & Block LLP**<br>**919 Third Avenue**<br>**New York, NY 10022** |

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| | |
|---|---|
| United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004−1408 | Room: Courtroom 701, One Bowling Green, New York, NY 10004−1408 |
| | Date and Time: 5/21/19 at 10:00 AM |

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: 4/2/19          Vito Genna

<em>Clerk of the Court</em>

By: /s/ Carmen Ortiz

_Deputy Clerk_

## **Exhibit 3**

Rule 7012(a) Motion

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela M. Allen (*pro hac vice* pending)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., *et al.* | Adv. Proc. No. 19-1103 (SHL) |
| Plaintiff, | |
| v. | |
| NIRAV DEEPAK MODI, AMI MODI, DEEPAK MODI, MIHIR BHANSALI, PURVI MEHTA, FIRESTAR INTERNATIONAL LIMITED, FIRESTAR HOLDINGS LIMITED, SYNERGIES CORPORATION, AVD TRADING, INC., NIRAV MODI, INC., FIRESTAR DIAMOND INTERNATIONAL, INC., FIRESTAR GROUP, INC. | |
| Defendants. | |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

## NOTICE OF CHAPTER 11 TRUSTEE'S
## MOTION FOR AN ORDER SETTING NIRAV DEEPAK
## <u>MODI'S TIME TO RESPOND TO THE COMPLAINT</u>

On March 28, 2019, Chapter 11 Trustee Richard Levin (the "**Trustee**") filed the annexed motion (the "**Motion**") for entry of an order ("**Order**") setting Defendant Nirav Deepak Modi's time to respond to the Complaint until 30 days after service of the Complaint and Summons.

A hearing on the Motion will be held before the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York on **April 15, 2019 at 11:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard (the "**Hearing**"), in Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004.

Objections, if any, to approval of the Motion and entry of the proposed order must be served upon counsel to the Trustee, Jenner & Block LLP, 919 Third Avenue, New York, New York 10022 (Attn: Carl Wedoff, Esq.) so as to be received no later than **April 8, 2019** (the "**Objection Deadline**").

If no responses or objections are served by the Objection Deadline, the relief may be granted as requested in the Motion without further notice or a hearing. You need not appear at the Hearing if you do not object to the relief requested in the Motion. The Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

*(Signature page follows.)*

2

Dated: March 28, 2019
      New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Marc Hankin
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela M. Allen (*pro hac vice* pending)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*

3

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela M. Allen (*pro hac vice* pending)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., *et al.* | Adv. Proc. No. 19-1103 (SHL) |
| Plaintiff, | |
| v. | |
| NIRAV DEEPAK MODI, AMI MODI, DEEPAK MODI, MIHIR BHANSALI, PURVI MEHTA, FIRESTAR INTERNATIONAL LIMITED, FIRESTAR HOLDINGS LIMITED, SYNERGIES CORPORATION, AVD TRADING, INC., NIRAV MODI, INC., FIRESTAR DIAMOND INTERNATIONAL, INC., FIRESTAR GROUP, INC. | |
| Defendants. | |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

## CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER SETTING
## NIRAV DEEPAK MODI'S TIME TO RESPOND TO THE COMPLAINT

Richard Levin, not individually but solely as chapter 11 trustee (the "**Trustee**") for Firestar

Diamond, Inc. ("**Firestar**") submits this motion ("**Motion**") under 11 U.S.C. § 105(a) and Rule

7012 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for entry of an order

("**Order**") setting the Defendants' deadline to respond to the complaint ("**Complaint**") [Adv. Dkt.

1] under Rule 7012(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to

30 days after service of the Complaint and summons ("**Summons**") [Adv. Dkt. 4].  In support of

the Motion, the Trustee respectfully states:

### JURISDICTION & VENUE

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334(b).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the

Court may constitutionally enter a final order, and the Trustee consents to the entry of a final

order by the Court.

### BACKGROUND

4.      On February 26, 2018, each of the Debtors filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code commencing these chapter 11 cases.  On June 14, 2018, the

Court entered an order approving the appointment of the Trustee.  [Dkt. 227.]

5.      Before the date of the filing of the chapter 11 petitions, each of the Debtors

conducted business as wholesalers of fine jewelry.  The Trustee is now managing the Debtors'

estates to maximize recoveries for the Debtors' creditors.

6.       This is an action seeks to determine the validity, priority, and extent of any interest

of Defendants in certain sculptures (the "Sculptures") detailed in the Complaint.

7.       Upon information and belief, Defendant Nirav Deepak Modi is currently

remanded in custody in the United Kingdom.

8.       On March 27, 2019, the Trustee filed the Complaint.

9.       On March 28, 2019, the Clerk of the Bankruptcy Court issued the Summons under

Bankruptcy Rule 7004(e).  The Summons states that the Defendants "are required to submit a

motion or answer to the complaint which is attached to this summons to the clerk of the

bankruptcy court within 30 days after the date of issuance of this summons."  The Summons also

indicates that a pretrial conference will be held on May 16, 2019 at 10:00 AM.

10.      The Trustee is causing copies of the Complaint, Summons, and this Motion to be

served on Defendant Modi in the United Kingdom in accordance with Article X of the Convention

on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters,

Nov. 15, 1965 ("**Hague Service Convention**"), [1969] 20 U.S.R. 361, T.I.A.S. No. 6638.  Service in

accordance with the Hague Service Convention is permitted under Rule 4(f)(1) of the Federal

Rules of Civil Procedure, which is made applicable in this adversary proceeding by Bankruptcy

Rule 7004(a)(1).

**RELIEF REQUESTED**

11.      The Trustee seeks entry of an Order setting the Defendants' time to respond to the

Complaint to 30 days after service of the Complaint and Summons under Bankruptcy Rule

7012(a), which provides that "the Court shall prescribe the time for service of the answer when

service of a complaint is made . . . upon a party in a foreign country."  Fed. R. Bankr. P. 7012(a).

That Rule and Rule 4(f)(1) apply because Defendant Nirav Deepak Modi is an individual who is

to be served at a place not within any judicial district of the United States.  The Trustee believes

that 30 days, as provided for domestic defendants, is an adequate time for Defendant Modi to respond to the complaint, but proposes that the 30-day period run from the service of the Complaint rather than from issuance of the Summons, so as to prevent any prejudice that might result from a delay in service overseas.

### NOTICE

12.     The Trustee is serving this Motion on Defendant Modi together with the Complaint and Summons in accordance with the Hague Service Convention.  The Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that this Court issue an order substantially in the form of the proposed order attached as Exhibit A setting Nirav Deepak Modi's time to respond to Complaint under Bankruptcy Rule 7012(a) to thirty days after service of the Complaint and Summons.

Dated: March 28, 2019       Respectfully submitted,
     New York, New York

**JENNER & BLOCK LLP**

By: /s/ Marc Hankin
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela M. Allen (*pro hac vice* pending)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*

19-01103-shl   Doc 34-1   Filed 05/29/19   Entered 05/29/19 11:46:50   Exhibit A
Docket 40 of 42

**Exhibit A**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., *et al.* | Adv. Proc. No. 19-1103 (SHL) |
| Plaintiff, | |
| v. | |
| NIRAV DEEPAK MODI, AMI MODI, DEEPAK MODI, MIHIR BHANSALI, PURVI MEHTA, FIRESTAR INTERNATIONAL LIMITED, FIRESTAR HOLDINGS LIMITED, SYNERGIES CORPORATION, AVD TRADING, INC., NIRAV MODI, INC., FIRESTAR DIAMOND INTERNATIONAL, INC., FIRESTAR GROUP, INC. | |
| Defendants. | |

## [PROPOSED] ORDER SETTING FOREIGN DEFENDANT
## NIRAV DEEPAK MODI'S TIME TO RESPOND TO THE COMPLAINT

Upon the motion (the "**Motion**")[2] of Richard Levin, not individually but solely in his

capacity as chapter 11 trustee (the "**Trustee**") for Firestar Diamond, Inc. ("**Firestar**") for an order

setting the Defendants' time to respond to Complaint under Bankruptcy Rule 7012(a) to thirty

days after service of the Complaint and Summons; and the Court having conducted a hearing on

the Motion on April 15, 2019 (the "**Hearing**"); and the Court having considered the Motion,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

all responses filed thereto, if any, as well as any evidence presented at the hearing; and the Court

having jurisdiction to consider and determine the Motion in accordance with 28 U.S.C. §§ 157 and

1334; and appropriate notice under the circumstances of the Motion having been provided, and

it appearing that no other or further notice need be provided; and after due deliberation and

sufficient cause appearing therefor,

IT IS ORDERED:

1.    Defendant Nirav Deepak Modi is required to submit a motion or answer to the

Complaint to the clerk of the bankruptcy court within 30 days after service of the Complaint and

Summons.

Dated: _____ __, 2019

_____
The Honorable Sean H. Lane
United States Bankruptcy Judge