1

**BEFORE THE CHAIRPERSON, ADJUDICATING AUTHORITY UNDER THE**

**PREVENTION OF MONEY LAUNDERING ACT, 2002**

**ORIGINAL COMPLAINT NO.      of 2018**

IN

PROVISIONAL ATTACHMENT ORDER NO.  17/2018 DATED 05.10.2018 IN

**ECIR/MBZO-I/03/2018**

**Schedule of the Property**

| Sr. No. | Name of the Property | Owners | Market Value (In INR) |
|---|---|---|---|
| 1 | 50, Riverside Boulevard, New York, 10069 (Flat 24-A) | Mr. Mihir Bhansali and Mrs. Rakhi Bhansali (earlier)<br><br>Presently owned by Mrs. Rakhi Bhansali  (w.e.f. 28, Feb, 2018) | USD 7.1 Million |

Total Value of Attached Asset= USD 7.1 Million (USD. Seven Million Hundred Thousand only equivalent to Rs. 52,24,18,000 Rupees Fifty-two Crores Twenty-Four Lacs Eighteen Thousand only (@ INR 73.58 per USD as on 05.10.2018).

**Deputy Director,**

**Directorate of Enforcement,**

**Prevention of Money Laundering Act, 2002,**

**4th floor, Kaiser-I-Hind, Currim Bhoy Road,**

**Ballard Estate, Mumbai**                               ...............Complainant

**V/s**

1) Shri Nirav Modi,
   4, Grosvenor House,
   Peddar Road, Mumbai-26

2) Mihir Bhansali s/o Sh. Rashmi Bhansali
3) Rakhi Bhansali w/o Sh. Mihir Bhansali

   USA: 50, Riverside Boulevard,
       New York, 10069 (Flat 24-A)

   India: 211, Casa Blanca,
       39, Cuff Parade, Mumbai-05    ........................Defendants



**COMPLAINT UNDER SECTION 5(5) OF THE PREVENTION OF MONEY LAUNDERING ACT, 2002 FOR CONFIRMATION OF PAO NO. 17/2018 DATED 05.10.2018**

**May it please the Hon'ble Chairperson and Members of the Adjudicating Authority.**

That, in exercise of the powers conferred under sub-section (1) of Section 5 of the Prevention of Money Laundering Act, 2002 (15 of 2003), (hereinafter referred to as the 'Act'), read with Notification No. GSR.441(E) dated 1st July, 2005 and in terms of authorization dated 7th February, 2007 issued by the Director of Enforcement, New Delhi and its addendum No. DLA(A)/AUT/S.8(4)/03/2010 dated 12.10.2011, Deputy Director, Directorate of Enforcement, Mumbai, has issued order for provisional attachment of the Immovable and moveable properties as mentioned in the scheduled above vide Provisional Attachment Order No.17/2018 dated 05.10.2018 in ECIR/MBZO-I/03/2018.

2.      On the basis of material placed before the Complainant and on the reasonable belief as recorded in the Provisional Attachment Order No. 17/2018 dated 05.10.2018, the Complainant, Directorate of Enforcement, Mumbai has provisionally attached the abovementioned properties. The copy of the Provisional Attachment Order No. 17/2018 dated 05.10.2018 is enclosed as **Annexure–I**.

3.      The said Provisional Attachment Order has been served upon the Defendants by registered Speed Post. Copy of the Provisional Attachment Order along with the material was also forwarded to the Adjudicating Authority in a sealed envelope as required under Section 5 (2) of the said Act read with The Prevention of Money Laundering (The Manner of Forwarding a Copy of the Order of Provisional Attachment of Property along with the Material, and Copy of the Reasons along with the Material in Respect of Survey to the Adjudicating Authority and its period of retention) Rules, 2005.

4.      By virtue of Section 5 (5) of the said Act, the Complainant herein is required to file complaint before the Adjudicating Authority within 30 days from the date of issue of Provisional Attachment Order stating the facts of such attachment before the Adjudicating Authority. This complaint is being filed in furtherance thereto.

## 5.    PREDICATE OFFENCE-

On the basis of complaint dated 29.01.2018, filed by Punjab National Bank, Zonal Office, Mumbai, the CBI, BS & FC, Mumbai registered an FIR No. RCBSM2018E0001 dated 31.01.2018. It has been alleged in the FIR that:-

(i)    On 16th January 2018, M/s Diamond R US, M/s Solar Exports and M/s Stellar Diamonds (Partners: - Shri Nirav Modi, Shri Neeshal Modi, Smt. Ami Nirav Modi and Shri Mehul Chinubhai Choksi) approached the branch office of the Punjab National Bank at Mid Corporate Branch, Brady House, Mumbai and presented a set of import documents to the branch with request to allow buyers credit for making payment to the overseas suppliers. Since there was no sanctioned limit in the name of the above firms, the branch officials requested the firms to furnish at least 100% cash margin for issuing Letter of Undertakings (LOU) for raising buyer's credit. At this, the firms contested that they have been availing this facility in the past also but the branch records did not reveal details of any such facility having been granted to the said firms.

(ii)    The complainant Bank has further stated that on preliminary checking of records, it was observed that Shri Gokulnath Shetty, the Dy. Manager (PF No. 107272, since retired 31.05.2017), who was posted at the said branch (Mid Corporate Branch, Brady House, Mumbai) since 31.03.2010 and was working in the Foreign Exchange Department looking after the Import Section and Shri Manoj Hanumant Kharat, Single Window Operator, Punjab National Bank had fraudulently issued LOUs without following prescribed procedure by obtaining required request applications, documents and approval of the authorities thereto and without making entries in the Bank system avoiding detection of the transactions, so made, transmitted SWIFT instructions to the overseas branches of Indian Banks for raising Buyers Credit & funding the Nostro Accounts of PNB. The funds so raised for payment of Import Bills have not been utilized for such purposes in many cases.

(iii)    The complainant also stated that on scrutiny of the records of SWIFT messages, it was revealed that the above-named accused Shri Gokulnath Shetty and Shri Manoj Hanumant Kharat on 09.02.2017 issued 2 LOUs for & on behalf of M/s Diamond R US and M/s Solar Exports for USD 4415791.96 and USD 4335391.38 respectively, having due date of payment on 25.01.2018 favoring Allahabad Bank at Hong Kong. The accused again on 10.02.2017 had issued 3 LOUs for & on behalf of M/s Diamond R US, M/s Solar Exports and M/s Stellar



Diamond for USD 5942017.70, USD 5843161.93 and USD 6093321.10 respectively having due date of payment thereof on 25.01.2018 favoring Allahabad Bank at Hong Kong. Shri Gokulnath Shetty and Shri Manoj Hanumant Kharat further on 14.02.2017 had issued 3 LOUs for & on behalf of M/s M/s Diamond R US, M/s Solar Exports and M/s Stellar Diamond for USD 5856885.00 USD 5862251.03 and USD 5877064.00 respectively having due date of payment thereof on 25.01.2018 favouring Axis Bank at Hong Kong. They had, thereby, fraudulently issued 8 LOUs total amounting to USD 44225812.10 which is equivalent to Rs. 280,70,12,293.98 at the notional exchange rate of a Dollar @ Rs. 63.47 per USD.

(iv)    Thus, the above facts and circumstances prima facie disclosed that Shri Nirav Modi, Shri Neeshal Modi, Smt. Ami Nirav Modi, Shri Mehul Chinubhai Choksi, all partners of M/s Diamond R US, M/s Solar Exports and M/s Stellar Diamond in conspiracy with Sri Gokulnath Shetty, Deputy Manager (retd.), Punjab National Bank, Manoj Hanumant Kharat, Single Window Operator, Punjab National Bank and other unknown persons committed the offence of cheating against Punjab National Bank and caused a wrongful loss. The public servants committed abuse of official position to cause pecuniary advantage to M/s Diamond R US, M/s Solar Exports and M/s Stellar Diamond and wrongful loss of Rs. 280.70 crore to Punjab National Bank.

(v)    In view of the above, the FIR has been registered under sections 120-B r/w 420 of IPC, 1860 read with Section 13(2) read with 13(1)(d) of PC Act, 1988 against following persons/individuals/entities:-

(a)  Shri Nirav Modi, Partner of M/s Diamond R US, M/s Solar Exports & M/s  Stellar Diamonds.

(b)  Shri Neeshal Modi, Partner of M/s Diamond R US, M/s Solar Exports & M/s Stellar Diamonds.

(c)  Smt. Ami Nirav Modi, Partner of M/s Diamond R US, M/s Solar Exports & M/s Stellar Diamonds.

(d)  Shri Mehul Chinubhai Choksi, Partner of M/s Diamond R US, M/s Solar Exports & M/s Stellar Diamonds.

(e)  Shri Gokulnath Shetty, Dy. Manager (retd.), Punjab National Bank,

(f)    Shri Manoj Hanumant Kharat, Single Window Operator, Punjab National Bank & Ors.

It appeared that the above named accused persons/entities have prima facie committed Offences under Section 120(B), 420 of IPC and Sections 13 of the Prevention of Corruption Act, 1988, which are Scheduled Offences under Paragraph 1 and Paragraph 8respectively of Para 'A' of the Schedule to the Prevention of Money Laundering Act, 2002 (as amended).

vi.    On the basis of the aforesaid information/documents, an ECIR No. MBZO-1/03/2018 dated 14.02.2018 was recorded for investigation under the provisions of Prevention of Money Laundering Act, 2002 against the above named accused persons/entities mentioned in the FIR and also against following persons/entities:-

a)    Aura Gem Company Limited, Hong Kong

(b)    Sino Traders Limited, Hong Kong

(c)    Tri Colour Gems FZE, UAE

(d)    Unity Trading FZE, UAE

(e)    Sunshine Gems Ltd.

(f)    Pacific Diamonds FZE, UAE& Ors

## 6.    Investigation under PMLA

Investigations are being carried out by the Directorate of Enforcement, Mumbai Zonal Office under the provisions of the PMLA. During the course of investigation in the matter, PNB, vide letter dated 13.02.2018 written in continuance of its earlier complaint dated 29.01.2018 (on the basis of which the subject FIR has been registered), has further informed that the above said partnership firms i.e. M/s Diamond R US, M/s Solar Exports and M/s Stellar Diamonds have got fraudulently issued a total of 150 LOUs aggregating to USD 1015.35 million equivalent to Rs. 6498.20 crores during the period from Feb, 2017 to May, 2017 by using the above modus operandi, as mentioned in the FIR. The said amount includes the LOU amounts mentioned in the subject FIR. The firm/entities wise breakup of the above mentioned LOUs amount is as under:-



| Sr. No. | Name of the firm/entity | Total amount of LOUs (Rs. in crores) |
|---------|-------------------------|--------------------------------------|
| 1. | M/s Diamond R US | 2210.61 |
| 2. | M/s Solar Export | 2152.88 |
| 3. | M/s Stellar Diamond | 2134.71 |
|  | Total | 6498.20 |

Thus, the total proceeds of crime found so far in the matter appear to be Rs. 2210.61 crores in respect of M/s Diamond R US, Rs. 2152.88 crore in respect of M/s Solar Export, Rs. 2134.71 crore in respect of M/s Stellar Diamond as the said funds were obtained by these firms/entities by cheating the PNB bank to fraudulently obtain LOUs as mentioned in the subject FIR No. RCBSM2018E0001 dated 31.01.2018 registered by the CBI. The total proceeds of crime in respect of all the said three firms/entities appear to be Rs. 6498.20 crore, in terms of Section 2(1) (u) of the PMLA, 2002. Further, vide letter dated 14.02.2018 PNB informed that there were remittances from the said three firms to other Nirav Modi group Companies.

**6.1** During the course of investigation, Statement of Shri Avneesh Nepalia, Complainant, working as Deputy General Manager at PNB Zonal office, Mumbai was recorded on 20.02.2018 u/s 50(2) of the PMLA, 2002. During his statement, Shri Nepalia reiterated the facts of the FIR. He stated that Shri Nirav Modi, who is promoter of Firestar Group of Companies, is partner of M/s Solar Exports, M/s Stellar Diamonds and M/s Diamond R US; that all the three firms are having current accounts in PNB, Brady House Branch. On being asked about LOU, Shri Nepalia stated that:-

"LOU is a Letter of Undertaking issued by the applicant importer's bank to an overseas bank or overseas branches of Indian Banks, for obtaining Buyer's Credit for underlying import transaction/s of the importer client. The applicant scouts the overseas banks for best quotes of rate of interest for buyer's credit and accepts the most competitive offer. Thereafter the importer client approaches his banker in India with a request to issue Letter of Undertaking on his behalf to the overseas bank, for obtaining the buyer's credit from the funding bank overseas. The LOU for buyer's

credit can only be issued if the client has adequate credit facility (Non-Fund based) and/or given sufficient cash margin (approx. 110% of the amount of buyer's credit). Once sanctioned against limit and/or cash margin by the authorities, the LOU is issued through SWIFT messaging



system to overseas banks and branches (in format MT-799). On receipt of the LOU from the importer's banker in India, the Overseas lending bank will fund the Nostro account of the Indian Bank and send a return confirmatory message by SWIFT (again MT-799 is used). This message contains amount of funds remitted, date of funding, Rate of interest of the Buyer's Credit, Period of the credit, the maturity date and the Nostro account of the overseas bank in which funds have to be returned on due date of maturity with interest. Once funds are received in the applicant Bank's NOSTRO account with reference to buyer's credit sought, the applicant branch makes debits and pays the overseas exporter who has drawn the bill on the importer. On maturity of the above-mentioned buyer's credit the applicant (Importer) needs to either provide funds in his current account maintained at the branch or submit debit authority utilizing his credit limits if any sanctioned with regards to buyers credit. From this the bank offset/repay with interest the buyers credit on due date to the overseas funding bank."

**6.2**  Shri Nepalia further, stated that the said three entities (the Nirav Modi Group firms)  approached the Bank with a request to send a Letter of Undertaking on their behalf to the overseas branch of Indian Banks, against certain import documents raised by the overseas supplier; that then Officer of the branch fraudulently & by cheating the bank, in connivance with the said three firms, without proper sanction/cash margin, etc. and without taking any import documents, bypassed the CBS accounting system of the Bank and sent LOU to the Overseas branch of the Indian Banks with request to fund the Bank's Nostro account; that the LOUs were sent through SWIFT system of the PNB; that the overseas branch of the Indian Banks used to fund the PNB's Nostro account immediately the next day and in many cases the same day (on which they received the LOUs' from PNB); that the money received by the Bank in the Nostro account is supposed to be used for making payment directly to the overseas supplier in retirement of the underlying import bills; that however in the present case, it is seen that the money was mostly used for paying directly to the Overseas Branches of other Indian Banks for meeting the previous buyer's credit obligations of the Nirav Modi Group firms; that in effect, most of the transactions were for extinguishing the existing buyer's credit liabilities, availed earlier from Indian bank branches abroad; that it has been noticed that since 28.04.2017, the proceeds of such buyer's credit funding were also used to pay overseas firms.

**6.3**  Shri Avneesh Nepalia further gave details of the firms' wise exposure on account of fraudulent LOUs as mentioned in Table at Para No.6.



**6.4**    Investigation in the matter is being carried out regarding issuance of all the LOUs to the said three Nirav Modi entities by PNB. From the investigation, it is revealed that the first LOU was issued by PNB to the said three entities in the year 2011 using the same modus operandi i.e. by cheating the bank in connivance with the bank officers, without proper sanction/cash margin, etc. and without taking any import documents. It further revealed that the said three entities (Nirav Modi group firms) have initially obtained 43 LOUs amounting to USD 116 million from PNB in the year 2011 through the above mentioned fraudulent modes. The said LOUs amounts were utilized for making payment to their alleged overseas suppliers/companies. In the following years also i.e. 2012, 2013, 2014, 2015, 2016, the said modus operandi was adopted by the said three entities and therefore, funds of LOUs obtained fraudulently were siphoned off through their alleged overseas suppliers/companies. The details of LOUs obtained by the said three entities since 2011 along with their utilization is as under:-

| Details of LOUs along with utilization | | | | |
|---|---|---|---|---|
| Year | No of LOUs Opened | Amount USD Million | Amount in Rs. Crore | Utilization (Rs. In Crore) | |
| | | | | Companies | Banks |
| 2011 | 43 | 116.00 | 742.40 | 742.40 | 0.00 |
| 2012 | 115 | 352.43 | 2255.55 | 2255.55 | 0.00 |
| 2013 | 237 | 640.24 | 4097.54 | 4097.54 | 0.00 |
| 2014 | 123 | 301.19 | 1927.62 | 1927.62 | 0.00 |
| 2015 | 185 | 438.53 | 2806.59 | 2697.66 | 108.93 |
| 2016 | 353 | 875.9 | 5605.73 | 4505.80 | 1099.93 |
| 2017 | 150 | 1015.34 | 6498.18 | 1448.16 | 5064.60 |
| Total | 1206 | 3739.63 | 23933.61 | 17674.73 | 6273.46 |

**6.5**    It can also be observed from the table above that 2015 onwards, part of the funds were also being used for repayment of earlier dues of LOUs of the banks. Therefore, the funds so obtained by said three entities were utilized for payment to various overseas companies & also for offsetting earlier LOUs. Company-wise detail of payment made to these alleged overseas entities since 2011 is as under:-

| Sr.No | Name of Company | Amount (In USD) |
|---|---|---|
| 1 | Al Jaffe INC NY, USA | 1921078.65 |
| 2 | Auragem Company Limited, Hong Kong | 565363872.85 |
| 3 | Brilliant Diamonds Ltd | 63396876.15 |
| 4 | Diagems FZC, UAE | 293830399.11 |



| | | |
|---|---|---|
| 5 | Eternal Diamonds Corporation Limited HK | 16204159.99 |
| 6 | Firestar Diamond Inc USA | 3050014.35 |
| 7 | Pacific Diamonds | 424809285.04 |
| 8 | Tri Color Gems | 364661398.98 |
| 9 | Universal Fine Jewellery | 18818402.10 |
| 10 | Fancy Creations Company Ltd | 240768300.40 |
| 11 | Unique Diamond And Jewellery FZC, Ajman | 6793674.25 |
| 12 | Vista Jewellery RZE, Fujairah | 1725084.94 |
| 13 | Sino Traders Limited, Hong Kong | 346349430.96 |
| 14 | Sunshine Gems Ltd, HK | 242594180.98 |
| 15 | Unity Trading Company | 157823698.85 |
| 16 | Hamilton Precious Traders, UAE | 7995934.77 |
| 17 | Himalayan Traders FZE, Ajman | 9340251.65 |
| | **Total** | **2765446044.02** |

**6.6**   Therefore, from the above, it is found that the said three entities, since 2011, used to obtain the LOUs through the fraudulent modes from PNB and siphon off the funds of said LOUs out of the country through their alleged overseas suppliers. From the year 2015, funds so obtained were also used for settling the dues of earlier LOUs. The said cycle of issuance of LOUs and its utilization has continued till 2017. In the year 2018, the said three firm entities approached the PNB with request for issuance of further LOUs, amounts of which were likely to be utilized for settling the outstanding LOUs of 2017. However, after filing of complaint by PNB, the 150 LOUs issued to the said three entities in the year 2017 amounting to Rs. 6498.20 crore remained outstanding and to be paid by the said three entities to PNB.

**6.7**   Investigations are being carried out with regard to utilization/trail of the proceeds of crime to the tune of Rs. 6498.20 crore which remains outstanding. The PNB was asked to provide the debits of the Nostro Account with respect to the said 150 LOUs which were fraudulently issued to the said three entities/firms. The PNB submitted details of debits of the funds received by PNB in its Nostro account against fraudulently issued LOUs on behalf of the said three entities/firms. On scrutiny of the said details, it is revealed that the said total amount of Rs. 6498.20 crore (USD 1015.35 million), which were received against fraudulent LOUs were utilized during the period from Feb, 2017 to May, 2017 for

Settling earlier buyer's credit obligations of the Nirav Modi Group firms and also for paying overseas firms, allegedly the suppliers of the said three entities/firms. In effect, the funds were utilized for extinguishing the existing buyer's credit liabilities, availed earlier from Indian bank branches abroad and also for paying overseas firms allegedly being the suppliers of the said three entities/firms. The details of utilization of said proceeds of crime are as under:-

(i)    The said total amount of USD 1015.35 million (Rs. 6498.20 crores), which were received against fraudulent LOUs along with USD 2.12 million obtained from its current accounts by the said entities, were utilized during the period from Feb, 2017 to May, 2017 for settling earlier credit obligations of the buyers by the Nirav Modi Group firms and also for paying overseas firms allegedly being the suppliers of the said three entities/firms. In effect, most of the transactions appear to have been utilized for extinguishing the existing credit liabilities of the buyers, availed earlier from Indian bank branches abroad. The details gathered regarding pending dues of Overseas branches of Indian banks which were utilized for settling past credit of buyers by the said three entities so far are as under:-

| Sr. No. | Name of the beneficiary | Total amount debited from Nostro Account of PNB (USD) |
|---------|-------------------------|-------------------------------------------------------|
| 1. | Allahabad Bank, Hong Kong | 303775833.00 |
| 2. | Axis Bank Limited, Hong Kong | 211542106.90 |
| 3. | Bank of India, Belgium | 276025962.70 |
| | Total (@Rs. 64 per USD)] | **791343902.60** [INR 5064 crores approx. |

(ii)    Further, out of the said amount of Rs. 6498.20 crore (USD 1015.35 million), rest of the funds were used during the period from Feb, 2017 to May, 2017 for paying overseas firms allegedly the suppliers of the said three entities/firms. The details of payment made to the alleged overseas supplier/companies of the said three entities are as under:-

| Sr. No. | Name of the beneficiary | Address of the beneficiary | Total amount debited from Nostro Account of PNB (USD) |
|---------|-------------------------|----------------------------|-------------------------------------------------------|
| a. | Auragem Company Ltd., Hong Kong | Unit No 10-P, 1/F Block A, Focal Industrial Centre, 21 Man Lok Street, Hunghom, Kowloon, Hong Kong | 55163755.57 |



| | | | |
|---|---|---|---|
| b. | Diagems FZC, U.A.E. | E-Lob Office, E 49G26, Hamriyan Free Zone, P.O.Box-49220, Sharjah, UAE. | 10523158.15 |
| c. | Hamilton Precious Traders Ltd FZCO, | Dubai, UAE | 2201995.00 |
| d. | Pacific Diamonds FZE, U.A.E. | Building No B1, Office No 608 Po Box No 40359, Ajman Free Zone, Ajman, UAE | 28895765.82 |
| e. | Sino Traders Limited, Hong Kong | 13B, World Trust Tower, 50, Stanley Street, Central, Hong Kong | 49174781.66 |
| f. | Sunshine Gems Ltd., Hong Kong | 360-A, 208, 3/F, Harbour Centre Tower, 1 Hokj Cheung Street, Hunghom, Kowloon, Hong Kong | 47165498.28 |
| g. | Tri Color Gems FZE, U.A.E. | P.O Box 51425, E-Lob Office No E-86g-32, Hamriyan Free Zone, U.A.E | 19590202.41 |
| h. | Unity Trading FZE, U.A.E. | Dubai, UAE | 13560738.67 |
| | Total | (INR 1448 crore approx.) | 226275898.56 |

Thus, the PoC to the tune of Rs. 6498.20 crore (USD 1015.35 million) generated through criminal activities relating to the scheduled offences by the said three entities i.e. M/s Diamond R US, M/s Solar Export and M/s Stellar Diamond were ultimately utilized by them overseas for settling the buyer's credit (INR 5064 crores) obtained by them earlier from overseas banks. Part of the Proceeds of crime (INR 1448 crore) were also used for making payment to their alleged foreign suppliers/exporter of goods. Further, they have failed to repay the amount so obtained fraudulently from the overseas banks against LOUs of PNB making the PNB liable for payment of the said funds to the overseas bank on account of LOUs which were obtained by the said three entities through fraudulent modes.

**7.** From the above statement of Shri Nepalia and during the course of investigation, it is found that LOU is a guarantee of buyer's credit (loan) which is issued by the Indian bank to overseas bank, on request of its Indian customer who has to acquire buyer's credit (loan) from the said overseas bank against import bills for making payment to its overseas supplier. In this case, the said three entities obtained LOUs amounting to Rs. 6498.20 crore from PNB, Brady House Branch, Mumbai fraudulently by cheating the bank in connivance with the bank officials and without giving any cash margin and without submitting any import document and without putting the transaction through the CBS of the Bank. On receipt of LOUs by the overseas banks from PNB, the overseas banks sanctioned the buyer's credit (loan) amounts to the said three entities and therefore, the said amounts were credited to the Nostro Account of PNB, as PNB



had issued LOU on behalf of the said three entities. Thereafter, the said buyer's credit amount credited in the Nostro Account of PNB were utilized by the said three entities in connivance with the bank officials for settling earlier buyer's credit obligations of the Nirav Modi Group firms and also used for paying overseas firms/companies allegedly being the suppliers of the said three entities/firms. The said modus operandi was used by the said three entities since 2011. However, after filing of complaint by PNB, the 150 LOUs of the year 2017 amounting to Rs. 6498.20 crore remained outstanding and yet to be settled by the said three accused entities. The investigation in respect of utilization of the said proceeds of crime to the tune of Rs. 6498.20 crores revealed that the funds so obtained by said three accused entities of Nirav Modi group through fraudulent issue of LOUs, were siphoned off by utilizing the same for making payment to above mentioned overseas suppliers/companies.

**8. (i)** Investigation revealed that Mr. Mihir Bhansali was de facto authority number 2 in the entire controlling system and was actively involved in the diversion and laundering of the funds received from PNB LOUs. In his statement dated 15.06.2018 recorded us/ 50 (2) & (3) of PMLA 2002, Shri Shailesh Chautala, Ex Manager of Firestar International Pvt Limited, inter-alia stated that, Mihir Bhansali asked him to arrange 6-7 people for "Jokham" work in SACHIN Surat on salary of about 10-12 Thousand INR; "Jokham" means transferring, counting, weighing etc of Diamonds/Gold as per the wish of company; He (Shailesh Chotala) was not told about the name of company in which these people are going to be appointed; For this salary, he could not arrange any sufficiently educated person; He had communicated the same to Mihir Bhansali; Mihir told him (Shailesh Chotala) that any type of people will be suffice provided they should have ID proofs; These 6 persons arranged by Mr. Shailesh Chotala were made the partners in the firms M/s Solar Exports, M/s Stellar Diamonds and M/s Diamond R US. On the name of these three firms fraudulent LOUs were issued and money was siphoned off from the Punjab National bank.

(ii)    Mihir Bhansali was instrumental in setting up the scheme of transferring and layering of funds generated from the fraudulent LOUs. With his active involvement several dummy companies were formed all over the world including Dubai and Hong Kong to camouflage the real transactions. Mr. Mihir Bhansali also formed the necessary façade of overseas companies for layering the proceeds of crime generated from the fraudulent LOUs issued. He also appointed the employees/ex-employees as dummy directors in these companies. He ensured that the directors should be trust worthy and in the words of Shri Himanshu Trivedi, Ex-Director of Firestar Group "who do not apply much brain". A secure internal email communication system was also developed at his instance and its



server was deliberately kept in Dubai for any eventuality. Apart from fund transfer and setting of shadow entities, he was actively involved in rotation of goods, melting of precious metal extracted from dismantling of jewelery and low-quality jeweler production/export-import with artificially high value declaration. In their statements, Mr. Kurian Mathews (General Manager, accounts of Firestar Diamond FZE), Mr. Saju Paulose (General Manager, accounts, Firestar Diamond Pvt Limited), Mr. Satyendra Shukla  General Manager of Firestar Diamond FZE), Mr. Shyamsunder Wadhwa (Vice President, Firestar Group) and more than 10 Dummy Directors of shadow entities based in Hongkong and Dubai confirmed the above role of Mr. Mihir Bhansali in formation of shadow entities, fund movement and other affairs of Nirav Modi controlled shadow entities.

(iii)    Mihir Bhansali is the director in many USA companies including Nirav Modi INC, Firestar Diamond International Inc., Synergies Corporation, A. Jaffe, AVD Trading Inc. Firestar Group Inc. Firestar Diamond Inc. Fantasy Inc, Sandberg & Sikorski Corporation, Central Park Real Estate LLC, Firestar Group Inc, Firestar Fine jewelry Inc, Firestar jewelry Inc. Firestone Inc & Twin Field Investment Amongst others.

(iv)    According to the Report of John J. Carney, Examiner appointed by the United States Bankruptcy Court Southern District of New York in bankruptcy case filed by Firestar Group of Companies USA, Mihir Bhansali is associated with and the Director of Twin Fields Investments Limited. The report further confirmed the diversion of funds to the tune of USD 26.9 Million to Twin Fields Investment Limited from Fine Classic FZE.M/s Fine Classic FZE is a Dubai Based company owned/controlled by M/s Purvi Modi which received monies from the Dubai and Hong Kong based beneficiaries of fraudulent LOUs in guise of trade outstanding. This fact is also corroborated in the statement recorded u/s 50 (2) & (3) of PMLA, 2002 of Mr. Nilesh Mistry (Accountant of Fine Classic FZE, UAE) dated 30.06.18 that USD 50 Million was diverted to Twin Fields Investments Limited from Fine Classic FZE. During the investigation, Bank statement of account of Fine Classic FZE (a shell company owned by Purvi Modi) maintained in Emirates NBD Bank, has been obtained. The sample entries pertaining to the transfer of Money to Twin Field Investments is as under:



14





(v)    In his statement u/s 50 (2) & (3) of PMLA, Mr. Satyendra Shukla, General Manager of Firestar Diamond FZE stated that 50 Kg gold (Approximately worth INR 150 Million, USD 2.14 Million) was taken away by Nehal Modi and Mihir Bhansali in Feb-March 2018 from Firestar Diamond and jewelry FZCO. Mihir Bhansali also took 2, 50,000 lac Dirham from the petty cash of Firestar Diamond FZE.

(vi)   After the scam broke out, he along with Mr. Nehal Modi visited Dubai and tried their best by way of creating fear of agencies/inducement/threatening in the minds of Directors/owners of shadow entities to discourage them from joining the investigation.

(vii)   After the initiation of investigation in India, he transferred the ownership of his immovable property as mentioned in para 10 to his wife's name for the consideration of merely 10 USD. This transfer of the ownership of immovable property was done with the intention to avoid the clutches of the US agencies or Indian Agencies on this property.

(viii)   In view of the preceding paras, it is revealed that Mihir Bhansali was co-conspirator and beneficiary of the scam. Twin Fields Investments Limited in which he is the Director & benefitted from the scam to the tune of at least USD 50 Million. Mr. Mihir Bhansali alongwith Mr. Nehal Modi had taken away proceeds of crime in form of the Gold having value USD 2.14 Million from the Dubai office of Firestar. He also took substantial amount of cash from Dubai Firestar office illegally.

(ix)   It is pertinent to mention here that the cash and Gold taken away by Mihir Bhansali is the part of Proceeds of Crime as substantial amount of LOU funds were diverted to Firestar FZE in guise of circular or rotational transactions from Hong Kong and Dubai based beneficiaries. From Hong Kong based beneficiaries of LoUs, the amount to the tune approx.  USD 550 Million was diverted to Firestar Diamond FZE and similarly, from Dubai Based beneficiaries of LoUs, atleast 30 Million USD was diverted to Firestar Diamond FZE. These facts were brought out in the statements of Shri Divyesh Gandhi, Accountant of Hong Kong based dummy companies and beneficiaries of LoUs and Mr. Kurian Mathews, Supervisor of Accounts of Firestar Diamond FZE and Dubai Based dummy companies and beneficiaries of LoUs.



**9.** During the course of investigation, it has been found that Mrs. Rakhi Bhansali, the wife of Mr Mihir Bhansali is homemaker and her wealth is derived from her husband Mr. Mihir Bhansali. A snapshot of her declaration for opening the bank account no 00011010014264 on her name in HDFC Bank, India is as under: -



**10.** During the course of investigation, it is revealed that a property as mentioned below in table, has been purchased by Mr. Mihir Bhansali in USA on March 13, 2017. The property was initially purchased jointly in the name of Mihir

Bhansali and Rakhi Bhansali. Later, after the criminal case was registered, Mihir Bhansali transferred ownership to his wife Mrs. Rakhi Bhansali for nominal value USD 10 only (w.e.f. 28, Feb, 2018). Mrs. Rakhi Mihir Bhansali is the wife of Mr. Mihir Bhansali and she is a home maker, stays with her husband in USA and her wealth is derived from his husband Mr. Mihir Bhansali.

| Sr. | Property | Owner | Purchase Price |
|---|---|---|---|
| 1 | 50, Riverside Boulevard, New York, 10069 (Flat 24-A) | Rakhi Bhansali | USD 7.1 Million |

## 11. As per Section 2 (1) (u) of the PMLA, 2002,

'Proceeds of crime means any property derived or obtained, directly or indirectly, by any person as a result of criminal activity relating to a scheduled offence or the value of any such property or where such property is taken or held outside the country then the property equivalent in value held within the country or abroad.'

As per the definition, proceeds of crime are either the property derived or obtained as a result of criminal activities relating to a scheduled offence or the value of such property or where such property is taken or held outside the country then the property equivalent in value held within the country or abroad. The statute thus entitles the attachment of proceeds of crime which are either generated as a result of criminal activity relating to a scheduled offence or the equivalent value or where such proceeds of crime is taken or held outside the country then the property equivalent in value held within the country.

**12.** As mentioned above, substantial amount of proceeds of crime has been transferred to Mihir Bhansali and his company in form of Gold, cash and transfer of funds which are not available for attachment directly. Mrs. Rakhi Mihir Bhansali is the wife of Mr. Mihir Bhansali and she is a home maker and her wealth is derived from his husband Mr. Mihir Bhansali. After registration of the case, Mihir Bhansali transferred ownership to his wife Mrs. Rakhi Bhansali for nominal value USD 10 only (w.e.f. 28, Feb, 2018. Therefore, the above-mentioned property presently owned by Mrs. Rakhi Bhansali (Wife of Mr Mihir Bhansali) represents the value of proceeds of crime in terms of definition of Section 2 (1) (u) of PMLA, 2002 as 'the value of any such property is liable for attachment under PMLA, 2002.



**13.** In view of the orders of the Hon'ble Adjudicating Authority and the definition of proceeds of crime under section 2 (1) (u) of PMLA, 2002, it is evident that the Directorate of Enforcement can attach properties of equivalent value of Proceeds Of Crime in case where there is evidence to the effect that a person has engaged in money laundering and generated POC through criminal activities related to scheduled offence, and such POC is not available for attachment in the country.

**14.** Section 23 of the PMLA prescribes that where money laundering involves two or more interconnected transactions and one or more such transactions is or are proved to be involved in money laundering then for the purposes of the adjudication or confiscation (under Section 8 for the trial of the money laundering offence it shall unless otherwise proved to the satisfaction of the Adjudicating Authority or the Special Court) be presumed that the remaining transactions form part of such interconnected transactions.

**15.** Section 24 of PMLA 2002 prescribe that in any proceedings relating to proceeds of crime under the Act-

   a) In the case of a person charged with the offence of money laundering under the section 3 the Authority or Court shall unless the contrary is proved presume that such proceeds of crime are involved in the money-laundering; and

   b) In the case of any other person the Authority or Court may presume that such proceeds of crime are involved in money laundering.

**16.** On the basis of above material placed before the complainant procured during the course of investigations against the above said entities/firms and persons and on its examination and analysis as discussed in PAO, the complainant had reason to believe that M/s Diamond R US, M/s Solar Export and M/s Stellar Diamond have obtained LOUs amounting to Rs. 6498.20 crore from PNB, Brady House Branch, Mumbai fraudulently, by cheating the bank in connivance with the bank officials and without giving any cash margin and without submitting any import document, as mentioned in the subject FIR No. RCBSM2018E0001 dated 31.01.2018 registered by the CBI. Hence, the entire amount of Rs 6498.20 crores is the Proceeds of Crime. On receipt of LOUs by the overseas banks from PNB, the overseas banks sanctioned the buyer's credit (loan) amounts to the said three entities and therefore, the said amounts were credited to the Nostro Account of PNB, as PNB has issued LOU on behalf of the said three entities. Thereafter, the said buyer's credit amount credited in the



Nostro Account of PNB were utilized by the said three entities in connivance with the bank officials. Further, they have failed to repay the amount so obtained from the overseas banks making PNB liable for payment of the said funds to the overseas bank on account of LOUs which were obtained by the said three entities through fraudulent modes for the above stated reasons. The entire POC is not available in India for attachment. The PoC was disbursed through the alleged suppliers of Nirav Modi Group & later diverted/rotated to dummy companies beneficially owned by Nirav Modi. However, the property mentioned at Para 10, is presently owned by Mrs. Rahki Bhansali (earlier owned jointly by Mihir Bhansali & Rakhi Bhansali) is beneficially owned by Mihir Bhansali and represents the value of Proceeds of Crime as substantial amount of POC has been diverted to Mihir Bhansali and to entities controlled by him mainly from Ms. Fine Classic FZE. Fine Classic FZE got these funds from the Hong Kong and Dubai based beneficiaries of LOUs in form of trade outstanding. Mr. Mihir Bhansali also directly took 50 KG Gold having value around USD 2.2 Million and cash to the tune of 2,50,000 dirham from Dubai based companies of Nirav Modi. In view of the same and the provisions of the PMLA, the said property beneficially owned by Mr. Mihir Bhansali in the name of his wife Mrs. Rakhi Bhansali represents the value of proceeds of crime in terms of definition of Section 2 (1) (u) of PMLA, 2002 as value thereof route. As such, said property mentioned at para 10 is deemed to be proceeds of crime generated as a result of criminal activities alleged by the CBI FIR No. RCBSM2018E0001 dated 31.01.2018. Therefore, the said property is liable for provisional attachment under section 5(1) of the PMLA, 2002. By their acts of using the utilizing the fraudulently obtained funds i.e. proceeds of crime from PNB, it appears that Nirav Modi along with Mr. Mihir Bhansali have indulged in money laundering activities in terms of Section 3 of PMLA, 2002.

**17.** Investigation has revealed that the monies have been transferred out of India were utilized overseas for settlement of LOUs earlier obtained by the said entities and also for making payment to alleged overseas suppliers. Shri Nirav Modi, and Mihir Bhansali are not co-operating with the investigation at all as they have not attended this office despite summons being issued to them under the provisions of the PMLA, 2002. The likelihood of selling and/or disposing of the said property is extremely high. Therefore, the complainant had reason to believe that the property mentioned at para 10 supra i.e. the proceeds of crime is likely to be concealed, transferred or dealt with in such a manner which may result in frustrating any proceedings relating to confiscation of such proceeds of



crime under Chapter III of the Prevention of Money Laundering Act, 2002 (15 of 2003) and hence issued Provisional Attachment Order No. 17/2018 dated 05.10.2018 attaching the following property:

| Sr. | Property | Owner | Purchase Price |
|-----|----------|-------|----------------|
| 1 | 50, Riverside Boulevard, New York, 10069 (Flat 24-A) | Rakhi Bhansali | USD 7.1 Million equivalent to Rs. equivalent to Rs. 52,24,18,000 |

(@ INR 73.58 per USD as 05.10.2018).

**18.** The CBI authorities have filed a charge sheet under Section 173 of the Criminal Procedure Code, 1973, with respect to the Scheduled Offences on 14.05.2018 before Special Court for CBI Cases, Sessions Court, Mumbai and the same is pending trial. As per the said charge sheet, 24 entities/persons have been charged.

As per the said charge sheet, the accused therein have been charged under section 120-B r/w.420,409 of IPC & section 13(2) r/w 13(1)(c) & (d) of Prevention of Corruption Act, 1988 which are the scheduled offences under Para 1 & 8 of part-A of schedule of PMLA, 2002. Further, the said accused have been charged for conspiring and cheating the PNB & thereby causing a wrongful loss to the bank.

**19.** A Prosecution Complaint 04/2018 has been filed before Hon'ble Spl. PMLA Court, Mumbai against Nirav Modi, Mr. Mihir Bhansali and others on 24.05.2018. Hon'ble court has taken cognizance of the complaint on 12.06.2018 and issued Process by way of issuance of open ended non bailable warrant against 9 accused including Mr. Nirav Modi and Mr. Mihir Bhansali. Further, Interpol has issued Red Corner Notice against Mr. Mihir Bhansali.

**20.** For the reasons detailed above, it is submitted that the above-mentioned defendants, namely Nirav Modi, Mihir Bhansali and Rakhi Bhansali appear to have committed an offence under Section 3 of PMLA, 2002, and that the funds in the bank account presently under orders of Provisional Attachment to the extent of USD 7.1 million equivalent to Rs. 52,24,18,000 (@ INR 73.58 per USD as on PAO Date 05.10.2018) are deemed to be part of the value representing the proceeds of crime, involved in money laundering which have been taken out of the country and thereby, the same are liable for confirmation of attachment



under Section 8 (3) of the Act. The investigation under PMLA, 2002 is still in progress. The present complaint is

filed without prejudice to the provisional attachment of any other properties likely to be made as outcome of the ongoing investigation.

**21.** The list of relied upon documents along with copies of documents are enclosed with this complaint.

**PRAYER**

**22.** In the facts and circumstances stated hereinabove, it is most humbly prayed that the Hon'ble Adjudicating Authority be pleased to-:

(a) Take this Complaint on record for the purpose of adjudication under Section 8 of the Act; and

(b) Order confirmation of the Provisional Attachment Order No.17/2018 dated 05.10.2018 in ECIR/MBZO-I/03/2018 under Section 8(3) of the Prevention of Money Laundering Act, 2002 (amended Act).

Signed this 1st Day of November, 2018 at Mumbai.

(C. Mahesh Chandra Reddy)<br>DEPUTY DIRECTOR<br>DIRECTORATE OF ENFORCEMENT<br>MUMBAI ZONAL OFFICE-I<br>COMPLAINANT

## DOCUMENTS RELIED UPON TO OC IN PAO NO. 17 /2018 DATED 05.10.2018

| Sr. No | Particulars | Page Nos. From | To |
|---|---|---|---|
| 1 | Copy of PAO No. 17/2018 dated 05.10.2018. | 1 | 19 |
| 2 | Copy of FIR No. RCBSM2018E0001 dated 31.01.2018 registered by CBI, BS & FC, Mumbai | 20 | 29 |
| 3 | Copy of Prosecution Complaint filed by CBI on 14.05.2018 before the Court of Hon'ble Special Judge for CBI cases Greater Mumbai. | 30 | 100 |
| 4 | Copy of ECIR No. ECIR/MBZO-I/03/2018 dated 14.02.2018 recorded by Directorate of Enforcement, Mumbai. | 101 | 103 |
| 5 | Copy of letters dated 13.02.2018 and 14.02.2018 of the Punjab National Bank | 104 | 112 |
| 6 | Copy of Prosecution Complaint No.4/2018 dated 24.05.2018 filed before Hon'ble Judge City Civil Court and Additional Sessions Judge Greater Bombay (Designated Court for the Prevention of Money Laundering Act, 2002). | 113 | 203 |
| 7 | Copy of Statement of Mr. Avneesh Nepalia, Complainant, working as Deputy General Manager at PNB Zonal office, Mumbai recorded on 20.02.2018 under section 50(2) of the PMLA, 2002. | 204 | 213 |
| 8 | Copy of Statement of Mr. Shailesh Chautala, Ex-Manager of Firestar International Private Limited dated 15.06.2018 recorded under section 50(2) of the PMLA, 2002. | 214 | 216 |
| 9 | Copy of Statement of Mr. Himanshu Trivedi Ex-Director of Firestar Group dated 28.03.2018 recorded under section 50(2) of the PMLA, 2002. | 217 | 223 |
| 10 | Report of John J. Carney, Examiner appointed by the United States Bankruptcy Court Southern District of New York | 224 | 396 |
| 11 | Copy of Statement of Mr. Nilesh Mistry Accountant of Fine Classic FZE dated 30.06.2018 recorded under section 50(2) of the PMLA, 2002. | 397 | 409 |
| 12 | Bank Statement of account of Fine Classic FZE Nov-Dec 2017 showing transfers to Twin Field Investments | 410 | 414 |
| 13 | Copy of Statement of Mr. Stayendra Shukla General Manager of Firestar Diamond FZE dated 17.05.2018 recorded under section 50(2) of the PMLA, 2002. | 415 | 423 |
| 14 | Copy of Statement of Mr. Divyesh Gandhi Accountant of Hong Kong based dummy company dated 17.04.2018 recorded under section 50(2) of the PMLA, 2002.and Kurian Mathews | 424 | 432 |
| 15 | Copy of Statement of Mr. Kurian Mathews, Supervisor of Dubai based Firestar and dummy companies dated 13.04.2018 recorded under section 50(2) of the PMLA, 2002.and | 433 | 437 |
| 16 | Declaration of Housewife in Account Opening Form for the Bank account no. 00011010014264 in HDFC Bank in the name of Rakhi Mihir Bhansali | 438 | 464 |
| 17 | Documents of Property of Mihir Bhansali under attachment retrieved from Publicly available Land records of New York Property Website ARCIS (https://a836-acris.nyc.gov/CP/). | 465 | 545 |
| 18 | Certificates u/s 65B on Indian Evidence Act, 1872 in respect of Documents at Sr. 12 (Bank account statement of Fine classic FZE) and Sr. 16 (KYC and Account Opening Form of Rakhi Mihir Bhansali) received over email | 546 | 549 |

(C. Mahesh Chandra Reddy)
DEPUTY DIRECTOR
MUMBAI ZONAL OFFICE-I