| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | Hearing Date:  September 3, 2020 at 11 a.m.<br>Objection Deadline:  August 27, 2020 |

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br>　　　　　　　　　Debtors. | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>Jointly Administered |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., FANTASY, Inc., and OLD AJ, INC. f/k/a A. JAFFE, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>NIRAV DEEPAK MODI, MIHIR BHANSALI, and AJAY GANDHI,<br><br>　　　　　　　　　Defendants. | Adv. Proc. No. 19-1102 (SHL) |

**MOTION TO WITHDRAW AS**
**COUNSEL FOR NIRAV DEEPAK MODI**

Pursuant to Local Bankruptcy Rule 2090-1(e), Patterson Belknap Webb & Tyler LLP ("Patterson Belknap" or the "Firm") respectfully submits this motion for entry of an order, substantially in the form attached as <u>Exhibit A</u>, to withdraw as counsel for Nirav Deepak Modi, in the above-captioned adversary proceeding (the "Adversary Proceeding").  For the reasons that follow, the motion should be granted.

**PRELIMINARY STATEMENT**

1.　　Mr. Modi has informed Patterson Belknap that he cannot pay for the cost of the Firm's representation of him in this adversary proceeding and that he is prepared to proceed *pro se* or, potentially, with substitute counsel.  Mr. Modi has been unable to arrange payment of the Firm's bills for months, and he has expressed his understanding that, if his motion to dismiss is

not granted, the Adversary Proceeding is far from over. Mr. Modi has informed the Firm that he intends to represent himself in this matter for the time being and may retain new counsel in the future, and has consented to the termination of the Firm's representation of him in the Adversary Proceeding.

2. Withdrawal at this time would not result in adverse effect on any of the parties to the Adversary Proceeding or the Court. There are currently no pending dates on the Court's calendar requiring immediate attention; accordingly, Mr. Modi will have time to find new counsel if he so chooses to do so. Because there are currently no outstanding deadlines on the Court's calendar, the Court has the discretion to and should grant Patterson Belknap's motion. Patterson Belknap requests that the Court grant its motion to withdraw as counsel for Mr. Modi in the Adversary Proceeding.

## FACTS

3. In November 2019, Patterson Belknap was engaged by Mr. Modi to serve as counsel in the Adversary Proceeding. Between late November 2019 and today, Patterson Belknap performed numerous legal tasks, including, but not limited to: (i) reviewing the complaint and analyzing the allegations and legal theories; (ii) meeting with Mr. Modi in the United Kingdom to discuss the Adversary Proceeding, including legal arguments, defenses, and overall strategy; (iii) investigating the facts and identifying evidence in support of Mr. Modi's defenses; (iv) drafting and filing a motion to dismiss; (v) attending, arguing, and appearing on behalf of Mr. Modi in bankruptcy court; (vi) preparing initial drafts of discovery; and (vii) providing procedural and substantive advice regarding legal strategy and tactics. (Ruzumna Decl. ¶ 3).

4.      Patterson Belknap received an initial retainer for its work in the amount of $150,000, which was agreed to be applied to its final invoice. Beginning in November 2019 and roughly every month thereafter, Patterson Belknap submitted to Mr. Modi bills for its services and expenses. (*Id.* ¶ 4). Mr. Modi has never raised any objection to the form, frequency, or amounts of any of Patterson Belknap's legal bills, other than to comment on the high cost of representation and to request greater clarity on the total cost of the representation and an accommodation on fees based on his current circumstances. (*Id.* ¶ 5). Patterson Belknap's fees were initially billed at its regular hourly rate in accordance with its normal billing practices, but a discount was later provided to address Mr. Modi's financial difficulties. (*Id.* ¶ 6).

5.      Patterson Belknap's bills for services rendered in the first months of the representation were paid on a timely basis. (*Id.* ¶ 7). Fees and expenses for the month of January 2020 were paid in part, but very late. Fees for services rendered from February 2020 forward remain unpaid, despite repeated efforts by Patterson Belknap to collect them. (*Id.*). The total amount outstanding in fees and expenses is $230,350. (*Id.* ¶ 8). Though the Firm still has its retainer, the retainer is not enough to cover the outstanding fees, and Mr. Modi has informed the Firm that he is not able to pay his outstanding fees, even pursuant to the previously-agreed upon discount, or to pay any fees and expenses for future work in this representation. (*Id.*).

6.      In April and May 2020, in response to the Firm's collection efforts and an ensuing dialogue regarding the Firm's need to terminate its representation of Mr. Modi if he could not pay his bills, Mr. Modi instructed Patterson Belknap to cease its active representation in this matter and to prepare a motion to withdraw for his review. (*Id.* ¶ 9). Mr. Modi indicated that he was planning to proceed on a *pro se* basis for the time being, and potentially to retain other counsel in the future. (*Id.*).

7. In June 2020, Patterson Belknap notified Mr. Modi, through a family member intermediary, that it would be filing this motion to withdraw as counsel and provided a draft of this motion and the accompanying declaration for Mr. Modi's review and consideration. (*Id.* ¶ 10). That family member later informed the Firm that Mr. Modi had received and read the drafts, and the family member relayed several questions that Mr. Modi apparently had asked. The Firm provided answers to all of the questions. (*Id.*).

8. After some difficulty with communications, on July 27, 20202, Mr. Modi contacted the Firm and, after discussing and commenting on some of the facts underlying this motion, confirmed his intention to proceed *pro se*. (*Id.* ¶ 11). He stated that he receives mail at the following address:

> HMP Wandsworth
> Heathfield Road
> London SW18 3HU
> United Kingdom

Mr. Modi also confirmed his inability to pay for his past or future representation. (*Id.*).

9. Mr. Modi's motion to dismiss remains pending, but there are no proceedings currently scheduled in which Mr. Modi or any subsequent counsel is required to appear. (*Id.* ¶ 12).

## LEGAL STANDARD

10. Local Bankruptcy Rule 2090-1(e) for the Southern District of New York governs the withdrawal of counsel in this Court, and provides that "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." Rule 2090-1(e) is "an adaptation of S.D.N.Y. Local Civil Rule 1.4 and as such informs the Bankruptcy Court's local rule." *Goldstein v. Albert (In re Albert)*, 277 B.R. 38, 45 (Bankr.

19-01102-shl    Doc 67    Filed 08/10/20    Entered 08/10/20 13:09:11    Main Document
                                        Pg 5 of 15


S.D.N.Y. 2002); *In re Wiener*, No. 18-13042 (JLG), 2019 WL 2575012, at *3 (Bankr. S.D.N.Y. June 21, 2019). Rule 1.4 provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar[.]

Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 1.4").

11. It is in the sound discretion of the trial court to decide whether cause exists to grant a motion to withdraw as counsel. *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (district court's decision on a motion to withdraw is under an abuse of discretion standard); *see also Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010); *In re Wiener*, 2019 WL 2575012, at *3; *In re Albert*, 277 B.R. at 47. In analyzing a motion to withdraw, the court must consider both the reason for withdrawal, as well as the impact of withdrawal on the proceedings. *In re Wiener*, 2019 WL 2575012, at *3 (citing *Star Funding, Inc. v. Vault Minerals, LLC*, No. 15-03026 (GBD), 2017 WL 7790610, at *1 (S.D.N.Y. Aug. 31, 2017); *Szulik v. Tag Virgin Is., Inc.*, No. 12-1827, 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013)).

12. New York Rules of Professional Conduct govern the conduct of attorneys in New York federal and state courts, including the federal bankruptcy courts. *In re Wiener*, 2019 WL 2575012, at *3 (citing *SEC v. Gibraltar Global Securities*, No. 13-2575 (GBD), 2015 WL 2258173, at *2 (S.D.N.Y. May 8, 2015)); *In re Bruno*, 327 B.R. 104, 108 (Bankr. E.D.N.Y. 2005). The New York Rules of Professional Conduct, as a code of professional responsibility,

5

provides guidance to courts in analyzing whether cause exists in granting a motion to withdraw. *Whiting*, 187 F.3d at 321.

## ARGUMENT

### I. A CLIENT'S INFORMED CONSENT IS SUFFICIENT BASIS FOR THE COURT TO PERMIT PATTERSON BELKNAP TO WITHDRAW AS COUNSEL

13. In this Circuit, courts have held that a client's informed consent constitutes sufficient cause for withdrawal. *See, e.g.*, *Steele v. Bell*, No. 11 CIV. 9343 RA, 2012 WL 6641491, at *2-3 (S.D.N.Y. Dec. 19, 2012); *Chase Bank USA, N.A. v. Allegro Law, LLC*, No. 08-CV-4039, 2011 WL 13302729, at *1 (E.D.N.Y. June 23, 2011); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006).

14. Withdrawal under these circumstances is also permissible under the New York Rule of Professional Conduct 1.16, which addresses withdrawal of counsel for both mandatory and permissive reasons. As relevant here, Rule 1.16(c)(10) permits withdrawal of counsel when a client "knowingly and freely assents to termination of the employment." NY ST RPC Rule 1.16.

15. Here, Mr. Modi knowingly and freely instructed Patterson Belknap to cease its representation in this matter because he can no longer afford the Firm's representation and intends to proceed *pro se*. (Ruzumna Decl. ¶ 9). Mr. Modi has reviewed a draft of this motion and offered comments that have been incorporated into it. (Ruzumna Decl. ¶ 11).

### II. NONPAYMENT OF LEGAL FEES IS SUFFICIENT BASIS FOR THE COURT TO PERMIT PATTERSON BELKNAP TO WITHDRAW AS COUNSEL

16. Additionally, in this Circuit, courts have held that nonpayment of fees constitutes sufficient cause for withdrawal. *See, e.g.*, *Carroll v. Republic of Fr.*, No. 16-02683 (NSR), 2019 U.S. Dist. LEXIS 20166, at *3 (S.D.N.Y. Feb. 7, 2019) ("Courts in this District have routinely

found . . . nonpayment of legal fees" a satisfactory reason for withdrawal); *BWP Media USA Inc. v. Rant Inc.*, No. 17-5079 (NSR), 2018 WL 4300530, at *2 (S.D.N.Y. Sept. 10, 2018) (same); *Star Funding,* 2017 WL 7790610, at *1 (finding it "firmly established" that nonpayment of legal fees is a valid basis to grant counsel's motion to withdraw); *Milltex Grp. Inc. v. Gossard & Berlei Ltd.*, No. 15-CV-10002 (RA), 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017) (holding that non-payment of legal fees was valid basis and satisfactory reason for granting a motion to withdraw); *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, No. 10-2333 (MEA), 2014 WL 1087934, at *2 (S.D.N.Y. Mar. 19, 2014) (same); *In re Fosamax Prods. Liab. Litig.*, No. 06-MD01789, 2012 WL 2122166, at *2 (S.D.N.Y. June 12, 2012) (same); *Chase Bank USA, N.A. v. Allegro Law, LLC*, No. 08-4039 (DRH), 2011 WL 13302729, at *1 (E.D.N.Y. June 23, 2011) (same); *Blue Angel Films, Ltd. V. First Look Studios, Inc.*, No. 08-6469 (DAB), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011) (same); *D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.*, No. 03-3038 (RMB), 2006 WL 1676485, at *1 (S.D.N.Y. June 16, 2006) (same); *Diamara Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01-2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (same); *Cower v. Albany Law Sch. of Union Univ.*, No 04-0643 (DAB), 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw."); *HCC, Inc. v. R H & M Mach. Co.*, No. 96-4920 (PKL), 1998 WL 411313, at *1 (S.D.N.Y. 1998) (same); *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96-2839 (RPP), 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997) (finding it "well-settled" that non-payment of fees is a valid basis for granting withdrawal); *WABC-AM Radio, Inc. v. Vlahos*, No. 89-6545, 1992 WL 276550, at *1-2 (S.D.N.Y. Sept. 29, 1992) (granting motion to withdraw as counsel due to nonpayment of legal fees, even though it would cause delay in the litigation); *Statue of Liberty-Ellis Island Found.,*

*Inc. v. Int'l United Indus., Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (law firm entitled to be relieved from representation of client who had not paid).

17. Withdrawal under these circumstances is also permissible under the New York Rule of Professional Conduct 1.16, which addresses withdrawal of counsel for both mandatory and permissive reasons.[1] As relevant here, Rule 1.16(c)(5) permits withdrawal of counsel when a client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." NY ST RPC Rule 1.16. Citing the predecessor to the New York Rules of Professional Conduct,[2] the Second Circuit has held that "where the client either 'deliberately disregarded' financial obligations or failed to cooperate with counsel," nonpayment of legal fees may constitute sufficient cause necessitating withdrawal. *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (citing the New York Code of Professional Responsibility D.R. 2-110(C)(1)(f)).

18. A failure to pay for legal services is considered "deliberate" when the failure to pay "is conscious rather than inadvertent, and is not *de minimus* [sic] in either amount or duration. A client's knowing and substantial failure to satisfy his or her financial obligations to a lawyer would justify the lawyer's withdrawal . . . . This would be so even where the failure

---

[1] There has been no suggestion by Mr. Modi that withdrawal by Patterson Belknap at this juncture would violate the New York Rules of Professional Conduct, and any such argument would be unsustainable for the reasons set forth herein.

[2] The New York Rules of Professional Conduct were promulgated as the Joint Rules of the New York Appellate Divisions of the Supreme Court, effective April 1, 2009, and as subsequently amended. *See In re Placeres*, 561 B.R. 354, 364, n.15 (Bankr. S.D.N.Y. 2016). They supersede the former Disciplinary Rules of the Code of Professional Responsibility. *See* NYCRR Part 1200; *see also Marin v. Constitutional Realty, LLC*, 28 N.Y. 3d 666, 669, n.2 (N.Y. 2017) ("The Rules of Professional Conduct replaced the Code of Professional Responsibility as the governing rules for attorney conduct in New York effective April 1, 2009.").

The former New York Lawyer's Code of Professional Responsibility was operative when some of the case law cited in this brief was decided and is similar to the current rules with regard to withdrawal for lawyer nonpayment. *See* New York DR 2-110(C)(1)(f). Case law interpreting and applying the former Code provision thus applies equally to issues that arise under New York Rule of Professional Conduct 1.16(c)(5).

results from inability to pay." *Stair*, 722 F. Supp. 2d at 266 (quoting N.Y. State Bar Ass'n, Comm. on Prof'l Ethics, Ethics Op. 598 and holding that "[f]ailure to pay legal fees has been found to be a legitimate ground for granting a motion to withdraw by several courts in this Circuit" (collecting cases) and permitting withdrawal when client "deliberately disregards" obligation to pay).[3]

19.     The situation here is not just a "mere" nonpayment of legal fees, although that would suffice under the caselaw.  As evidenced by the Ruzumna Declaration, withdrawal due to nonpayment is permissible only under the caselaw cited, as well under the New York Rules of Professional Conduct.  Mr. Modi's outstanding balance is substantial, currently amounting to fees and expenses totaling $230,350, though approximately two-thirds of that will be offset by the Firm's retainer.  Mr. Modi has not paid in full his legal fees for services and expenses dating back January of this year.  Thus, Mr. Modi's outstanding fees are significant both in the amount due and the duration for which he has failed to pay his bills, demonstrating that Mr. Modi has "conscious[ly]" and deliberately disregarded [his] obligation to pay [his] fees and expenses. *See*, *Stair*, 722 F. Supp. 2d at 266 (quoting N.Y. State Bar Ass'n, Comm. on Prof'l Ethics, Ethics Op. 598); (Ruzumna Decl. ¶¶ 7-8).  Patterson Belknap's communications with Mr. Modi confirm that

---

[3] *See also Taub v. Arrayit Corp.*, No. 15-1366 (ALC), 2016 WL 4146675, at *1 (S.D.N.Y. Aug. 4, 2016) ("[I]t is firmly established that non-payment of legal fees is a [satisfactory] reason" for withdrawal and granting motion after finding that client deliberately disregarded obligation to pay); *Thekkek v. LaserSculpt, Inc.*, No. 11-4426 (HB), 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (same); *Wagner Farm Properties, LLC v. Tri-State Solarcrete, LLC*, No. 09-CV-0485, 2010 WL 11541929, at *2 (N.D.N.Y. Dec. 6, 2010) (same); *Melnick v. Press*, No. 06-6686, 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009) (same); *In re Chase*, 372 B.R. 142, 151 n.7 (Bankr. S.D.N.Y. 2007) (same); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 166 (E.D.N.Y.2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4." (collecting cases and finding withdrawal appropriate where the client deliberately disregarded obligation to pay)); *Brown v. National Survival Games*, No. 91-221, 1994 WL 660533 (N.D.N.Y. Nov. 18, 1994) (withdrawal permitted when client "deliberately disregards" its legal fees); *McGuire v. Wilson*, 735 F.Supp. 83, 84 (S.D.N.Y. 1990) (same).

he has been aware of this considerable outstanding balance and acknowledged his obligation to pay it.

20. When a client deliberately refuses to pay fees for legal services, cause exists to grant a counsel's motion to withdraw as counsel. Indeed, "courts have recognized that counsel do not have an obligation to 'finance litigation' or render gratuitous services where a client has declined payment." N.Y. State Bar Ass'n, Comm. on Prof'l Ethics, Ethics Op. 598 (citing *Holmes v. Y.J.A. Realty Corp.*, 128 A.D.2d 482, 483 (1st Dep't 1987); *Cullens v. Olins Leasing Inc.*, 91 A.D.2d 537 (1st Dep't 1982)). Patterson Belknap is "not [an] indentured servant[]; [it has] a right to be paid for [] services" and Mr. Modi's disregard of his fees constitutes a "valid ground for withdrawal." *In re Chase*, 372 B.R. at 151 n.7 (citing *Life Dome v. Church Loans and Inv. Trust*, 499 F.Supp.2d 399, 401-02 n. 2 (S.D.N.Y.2007) and the New York Code of Professional Responsibility DR 2-110)); *see also Star Funding, Inc.*, 2017 WL 7790610, at *1 (granting motion to withdraw based on "the accumulation of unpaid attorneys' fees totaling approximately $36,000 over a period of eight months"); *United States v. Up to $6,100,000 on Deposit in Account No. 15.5876 at Bank Julius Baer Co. Ltd (Guernsey Branch)*, No. 07-4430 (RJS), 2009 WL 1809992, at *6 (S.D.N.Y. June 24, 2009) (holding that client's refusal to pay is valid reason to grant withdrawal motion, especially when attorneys' fees went unpaid for almost a year).

21. It would be inequitable for Patterson Belknap to be required to continue to expend its time and resources working for a client that is not honoring his obligations. On these facts, the nonpayment of Patterson Belknap's substantial fees over a prolonged time period presents this court with sufficient cause to grant its motion to withdraw as counsel to Mr. Modi.

### III. WITHDRAWAL CAN BE ACCOMPLISHED WITHOUT ADVERSE EFFECT ON THE PARTIES OR THE COURT

22. Under the New York Rules, a lawyer can withdraw for any reason if "withdrawal can be accomplished without material adverse effect on the interests of the client." NY ST RPC Rule 1.16(c)(1). Additionally, when "addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting*, 187 F.3d at 320 (citing *Brown*, 1994 WL 660553, at *3); *Thekkek*, 2012 WL 225924, at *2 (granting motion to withdraw when prosecution of the suit [was not] likely to be disrupted by the withdrawal of counsel because case was not "on verge of being tried."). Thus, courts look at both the danger of prejudice to a client's rights by the delay in seeking new counsel, as well as what adverse effect, if any, withdrawal would have on the Court's calendar. *Welch v. Niagara Falls Gazette*, No. 98-0685, 2000 WL 1737947, at *3 (W.D.N.Y. Nov. 17, 2000).

23. Neither circumstance is present here. Mr. Modi will not be prejudiced because there is no upcoming proceeding currently on the Court's calendar involving him. His motion to dismiss remains pending, but argument already has been held. The timing of Patterson Belknap's withdrawal will not adversely affect Mr. Modi or any other party, and Mr. Modi will have ample opportunity to seek new counsel if he chooses to do so.

## **CONCLUSION**

For the foregoing reasons, Patterson Belknap, with the consent of Mr. Modi, respectfully requests that its motion for withdrawal as counsel to Mr. Modi be granted.

Dated: New York, New York
       August 10, 2020

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP
By:

 /s/ Daniel S. Ruzumna
Daniel S. Ruzumna
Alejandro H. Cruz
1133 Avenue of the Americas
New York, NY 10036-6710
Tel: (212) 336-2000
Fax: (212) 336-2222
druzumna@pbwt.com
acruz@pbwt.com

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br>　　　　　　　　Debtors. | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>Jointly Administered |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., FANTASY, Inc., and OLD AJ, INC. f/k/a A. JAFFE, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>NIRAV DEEPAK MODI, MIHIR BHANSALI, and AJAY GANDHI,<br><br>　　　　　　　　Defendants. | Adv. Proc. No. 19-1102 (SHL) |

**ORDER GRANTING MOTION TO WITHDRAW
AS COUNSEL FOR NIRAV DEEPAK MODI**

Upon consideration of the Motion to Withdraw as Counsel for Nirav Deepak Modi (the "Motion") filed by Patterson Belknap Webb & Tyler LLP ("Patterson Belknap") and after due deliberation and sufficient cause appearing therefor, the Court hereby **ORDERS**, pursuant to Local Rule 2090-1(e), that:

The Motion is **GRANTED**, and Patterson Belknap is permitted to withdraw as counsel for Nirav Deepak Modi; and

14

This Court shall retain jurisdiction to hear and determine all matters arising from, in connection with, or related to the implementation and enforcement of this Order.

Dated:　　　New York, New York

　　　　　　August ___, 2020

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　THE HONORABLE SEAN H. LANE
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE