**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br>                                        Debtors. | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>Jointly Administered |
| RICHARD LEVIN, Chapter 11 Trustee of<br>FIRESTAR DIAMOND, INC., FANTASY, Inc., and<br>OLD AJ, INC. f/k/a A. JAFFE, INC.,<br><br>                                        Plaintiff,<br><br>         vs.<br><br>NIRAV DEEPAK MODI, MIHIR BHANSALI, and<br>AJAY GANDHI,<br><br>                                        Defendants. | Adv. Proc. No. 19-1102 (SHL)<br><br>**DECLARATION OF DANIEL S.<br>RUZUMNA IN SUPPORT OF<br>PATTERSON BELKNAP WEBB &<br>TYLER LLP'S STIPULATED<br>MOTION TO WITHDRAW AS<br>COUNSEL FOR NIRAV DEEPAK<br>MODI** |

I, DANIEL S. RUZUMNA, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a member of the bar of the State of New York and a partner at Patterson Belknap Webb & Tyler LLP ("Patterson Belknap" or the "Firm"), attorneys for Nirav Deepak Modi in the above-captioned adversary proceeding (the "Adversary Proceeding").  I am fully familiar with the facts and circumstances set forth below and submit this affirmation in support of Patterson Belknap's motion to withdraw as attorneys for Mr. Modi, dated August 10, 2020.

2.      Patterson Belknap was engaged by Mr. Modi in November 2019 to serve as his counsel in the Adversary Proceeding.  The Firm agreed that we would provide the requested assistance, and the Firm began recording my time (and that of our Firm's other professionals and staff as appropriate) to enable us to submit bills to Mr. Modi in connection with our work on the Adversary Proceeding.

3.      Between November 2019 and today, Patterson Belknap performed numerous legal tasks, including, but not limited to:  (i) reviewing the complaint and analyzing the allegations and legal theories; (ii) meeting with Mr. Modi in the United Kingdom to discuss the Adversary Proceeding, including legal arguments, defenses, and overall strategy; (iii) investigating the facts and identifying evidence in support of Mr. Modi's defenses; (iv) drafting and filing a motion to dismiss; (v) attending, arguing, and appearing on behalf of Mr. Modi in bankruptcy court; (vi) preparing initial drafts of discovery; and (vii) providing procedural and substantive advice regarding legal strategy and tactics.

4.      Patterson Belknap received an initial retainer for its work in the amount of $150,000, which was agreed to be applied to its final invoice.  Beginning in November 2019 and roughly every month thereafter, the Firm submitted to Mr. Modi bills for its services and expenses.

5.      Mr. Modi never raised any objection to the form, frequency, or amounts of any of Patterson Belknap's legal bills, other than to comment on the high cost of representation and to request greater clarity on the total cost of the representation and an accommodation on fees based on his current circumstances.

6.      Patterson Belknap's fees were initially billed at its regular hourly rate in accordance with its normal billing practices, but a discount was later provided to address Mr. Modi's financial difficulties.

7.      Patterson Belknap's bills for services rendered in the first months of the representation were paid on a timely basis.  Fees and expenses for the month of January 2020 were paid in part, but very late.  Fees for services rendered from February 2020 forward remain unpaid, despite repeated efforts by Patterson Belknap to collect them.

2

8.      The total amount outstanding in fees and expenses is $230,350.  Though the Firm still has its retainer, the retainer is not enough to cover the outstanding fees, and Mr. Modi has informed me that he is not able to pay his outstanding fees, even pursuant to the previously-agreed upon discount, or to cover any fees and expenses for future work in this representation.  I informed Mr. Modi that we could not continue to represent him if he could not pay us, and told him that we would need to terminate our engagement.

9.      In April and May 2020, in response to my informing Mr. Modi that we must receive timely payment of our outstanding and future invoices or terminate our engagement, Mr. Modi instructed me to cease the Firm's active representation in the Adversary Proceeding and to prepare a motion to withdraw for his review.  He indicated that he intended to proceed *pro se* for the time being, and potentially to retain other counsel.

10.      In June 2020, I notified Mr. Modi, through a family member intermediary, that the Firm would be filing this motion to withdraw as counsel and provided a draft of this declaration and the motion to that family member for Mr. Modi's review and consideration. That family member later informed me that Mr. Modi had received and read the draft motion and declaration, and the family member relayed several questions that Mr. Modi apparently had asked.  The Firm provided answers to all of the questions.

11.      After I experienced difficulty in communicating with Mr. Modi, on July 27, 20202, he contacted me and, after discussing and commenting on some of the facts underlying the motion to withdraw (which comments have been incorporated), Mr. Modi confirmed his inability to pay for his past or future representation, indicated his understanding that the Firm was terminating its attorney-client relationship with him, and confirmed his intention to proceed *pro se* in the Adversary Proceeding.  He stated that he receives mail at the following address:

3

HMP Wandsworth
Heathfield Road
London SW18 3HU
United Kingdom

12.     Mr. Modi's motion to dismiss remains pending, but there are no proceedings

currently scheduled in which Mr. Modi or any successor counsel is required to appear.

13.     Given the procedural posture of the case, I have no reason to believe that the

Firm's withdrawal as counsel for Modi in the above-captioned Adversary Proceeding will

adversely affect Mr. Modi, prejudice any other party to the proceeding, or delay the proceeding

in any way.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 10, 2020 in Westchester County, New York

_____
    DANIEL S. RUZUMNA