UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>(Jointly Administered) |
| RICHARD LEVIN, Liquidating Trustee for the Liquidating Trust of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a A. JAFFE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NIRAV DEEPAK MODI, MIHIR BHANSALI, and AJAY GANDHI,<br><br>Defendants. | Adv. Proc. No. 19-1102 (SHL) |

**REQUEST OF RICHARD LEVIN AND AFFIRMATION IN SUPPORT THEREOF FOR A CERTIFICATE OF DEFAULT AGAINST DEFENDANT NIRAV MODI**

Richard Levin affirms, under penalty of perjury, the following:

1. I am plaintiff in the above-captioned adversary proceeding and the Liquidating Trustee for the Liquidating Trust of Firestar Diamond, Inc., *et al.*

2. I submit this affirmation in support of my request for the issuance of a certificate of default from the Clerk (the "**Clerk**") of the U.S. Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), in accordance with Rule 55(a) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Bankruptcy Rule 7055-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), against Defendant Nirav Deepak Modi ("**Modi**") in the above-captioned adversary proceeding.

3. On March 27, 2019, I commenced this adversary proceeding by filing a complaint (the "**Complaint**") against the above-captioned defendants. [Adv. Dkt. 1.]

4. On March 28, 2019, the Clerk of Court issued a summons and notice of pretrial conference (the "**Summons**"). [Adv. Dkt. 4.]

5. On April 18, 2019, the Court issued an order (the "**Response Deadline Order**") directing Modi to submit a motion or answer to the Complaint within 30 days after service of the Complaint and Summons. [Adv. Dkt. 10.]

6. On September 11, 2019, I caused the Complaint, Summons, and Response Deadline Order to be served on Modi in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. [Adv. Dkt. 27.]

7. Service on Modi was effective under Rule 4(f)(1) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding under Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure. Rule 4(f)(1) authorizes service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). The United Kingdom is a signatory to the Hague Service Convention.

8. On September 20, 2019, I filed an amended complaint (the "**Amended Complaint**") against the above-captioned defendants. [Adv. Dkt. 28]. The Amended Complaint seeks to recover damages the Debtors and their estates suffered because of the defendants' extensive international fraud, money laundering, and embezzlement scheme.

9. By stipulation and order entered October 21, 2019 [Dkt. 33] ("**Service Stipulation**"), Modi agreed to accept service of the Amended Complaint through counsel by email.

10. By further stipulation, Modi's time to answer, move to dismiss, or otherwise respond to the Amended Complaint was extended to November 20, 2019.

11. On November 20, 2019, Modi moved to dismiss the complaint (the "**Motion to Dismiss**") under Federal Rule 12(b), made applicable under Bankruptcy Rule 7012(b). [Adv. Dkt. 42.]

12. On April 30, 2020, the Court heard oral argument on the Motion to Dismiss.

13. On August 10, 2020, Modi's then-counsel, Patterson Belknap Webb & Tyler LLP, moved to withdraw (the "**Withdrawal Motion**") as Modi's counsel. [Adv. Dkt. 67.]

14. On September 14, 2020, the Court entered an order (the "**Withdrawal Order**") [Adv. Dkt. 68], which granted the Withdrawal Motion and directed Trustee's counsel to serve Modi with a copy of any decision on the pending Motion to Dismiss at the following address:

> Nirav Deepak Modi
> HMP Wandsworth
> Heathfield Road
> London SW18 3HU
> United Kingdom

15. On October 15, 2021, the Court issued its *Memorandum of Decision* (the "**MTD Decision**") denying the Motion to Dismiss. [Adv. Dkt. 69.]

16. On October 19, 2021, I caused the MTD Decision to be served on Modi in accordance with the Withdrawal Order. [Adv. Dkt. 71.]

17. On December 3, 2021, the Court entered an Order (the "**MTD Order**") denying the Motion to Dismiss for the reasons set forth in the MTD Decision. [Adv. Dkt. 76.] The MTD Order provides that Modi's deadline to answer the Amended Complaint is 21 days after Plaintiff sends a copy of the MTD Order by overnight mail to Modi at HMP Wandsworth. *Id.* ¶ 2.

3

18.     Also on December 3, 2021, I caused the MTD Order to be served on Modi in accordance with the MTD Order. [Adv. Dkt. 77.]

19.     Accordingly, the deadline for Modi to answer or otherwise respond to the Amended Complaint was December 27, 2021.[1]

20.     Modi has failed to file an answer or other responsive pleading following service of the MTD Order.[2]

21.     A copy of the docket maintained by the Clerk evidencing these facts is attached as **Exhibit A**.

22.     Federal Rule 55(a), made applicable here by Bankruptcy Rule 7055, provides that the clerk may enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

23.     Local Rule 7055-1 provides: "A party applying for a certificate of default from the Clerk pursuant to Bankruptcy Rule 7055 shall submit an affidavit showing that (i) the party against whom a default is sought is not an infant, in the military, or an incompetent person, (ii) the party has failed to plead or otherwise defend the action, and (iii) the pleading to which no response has been made was properly served."

---

[1] December 24, 2021 was 21 days after I caused a copy of the MTD Order to be served on Modi. Because December 24, 2021 was a federal holiday, December 25, 2021 was a Saturday, and December 26, 2021 was a Sunday, Modi's deadline to respond to the Amended Complaint was extended to December 27, 2021. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

[2] The Trustee and Defendants Mihir Bhansali and Ajay Gandhi have entered a stipulation extending Bhansali's and Gandhi's time to answer the Amended Complaint to February 22, 2022. Modi is not a party to the stipulation, and the stipulation does not affect Modi's deadline to respond to the Amended Complaint.

4

24. Based on the record of proceedings before the English High Court on the request of the government of India to extradite Modi, it appears that Modi is not a minor, mentally incompetent, or in the military service of the United States of America.

25. Here, entry of a certificate of default is warranted because I have satisfied all the criteria of Federal Rule 55(a). The copies of the Complaint, Summons, Response Deadline Order, Amended Complaint, MTD Decision, MTD Order, and Certificates of Service, annexed as **Exhibit B**, establish that proper notice of this Adversary Proceeding and MTD Decision was provided to Modi. I have also satisfied all requirements of Local Rule 7055-1 (*see* ¶¶ 7, 9, 17, 18, 20, 24, above).

26. Accordingly, I request that the Clerk enter a certificate of default, in accordance with Bankruptcy Rule 7055 and Local Rule 7055-1, against Modi.

Dated: January 5, 2022
      New York, New York

By: /s/ Richard Levin
Richard Levin