UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
FIRESTAR DIAMOND, INC., *et al.*,                                :   Case No. 18-10509 (SHL)
                                                                 :
    Debtors.                                  :   (Jointly Administered)
---------------------------------------------------------------- x
RICHARD LEVIN, Chapter 11 Trustee of                             :
FIRESTAR DIAMOND, INC., FANTASY, INC.,                           :
and OLD AJ, INC. f/k/a/ A. JAFFE, INC.,                          :
                                                                 :
    Plaintiff,                                :
                                                                 :
v.                                                               :   Adv. Proc. No. 19-1102 (SHL)
                                                                 :
NIRAV DEEPAK MODI, MIHIR BHANSALI, and                           :
AJAY GANDHI,                                                     :
                                                                 :
    Defendants.                               :
---------------------------------------------------------------- x
RICHARD LEVIN, Chapter 11 Trustee of                             :
FIRESTAR DIAMOND, INC., FANTASY, INC.,                           :
and OLD AJ, INC. f/k/a/ A. JAFFE, INC.,                          :
                                                                 :
    Plaintiff,                                :
                                                                 :
v.                                                               :   Adv. Proc. No. 20-1052 (SHL)
                                                                 :
MIHIR BHANSALI and AJAY GANDHI,                                  :
                                                                 :
    Defendants.                               :
---------------------------------------------------------------- x

**SCHEDULING AND PRE-TRIAL ORDER**

    The parties cannot amend this order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause.  FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTION.  If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.

1

It is hereby ORDERED as follows:

1. All fact discovery shall be completed by **December 31, 2023**. In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a telephonic discovery conference. At the conference, the Court will ask the parties about their prior efforts to resolve the dispute. Fact discovery shall proceed as follows:

    a. From **July 1, 2022 through December 31, 2022**, the parties shall engage exclusively in document gathering and review, including serving document requests on each other and issuing third-party document subpoenas.

    b. Beginning **January 1, 2023**, third party depositions may commence and the parties may serve interrogatories.

    c. Beginning on **March 20, 2023**, the depositions of the parties may commence and requests for admission may be served.

    d. The limitations on interrogatories and length of depositions set forth in the Federal Rules of Civil Procedure shall apply to all discovery unless explicitly modified by this Order.

    e. Each party may take up to **twenty (20)** fact witness depositions without agreement of the other parties and without leave of Court.

    f. Upon entry of this Order, procedures under the Hague Convention regarding foreign depositions may commence. The parties shall work jointly to coordinate any foreign depositions so that such depositions would, to the extent possible, all occur in any given foreign country in a single trip. Each party shall be responsible for bearing their own costs to attend such foreign depositions.

    g. If the Trustee seeks to call the Examiner and/or his employees/experts (including Alvarez & Marsal) at trial as fact witnesses and/or submit a factual affidavit from the Examiner and/or his employees/experts (including Alvarez & Marsal) in connection with any summary judgment motion, he must disclose that to the Defendants by no later than **September 1, 2023** and the Trustee must make sure that each such witness appears for deposition by the Defendants before the close of fact discovery, or the Trustee will be barred from calling each such witness to testify at trial and the Trustee may not submit an affidavit from the witness in support of or in opposition to summary judgment.

2

2. Expert discovery shall be completed by **June 30, 2024** and proceed as follows:

    a. The Trustee shall disclose to Defendants the names of any of his expert witnesses and the subject of their opinions by **November 30, 2023.**

    b. The Trustee shall produce any expert report(s) and all documents relied upon by the experts in reaching their opinions to Defendants by **February 1, 2024.**

    c. Defendants shall produce any expert report(s) and all documents relied upon by the experts in reaching their opinions to the Trustee by **April 1, 2024.**

    d. The Trustee shall produce any rebuttal expert report(s) and all documents relied upon by the experts in support to Defendants by **May 1, 2024**.

    e. Expert depositions may commence on or after **June 1, 2024**, beginning with the Trustee's expert(s) in his case in chief, followed by the Defendants' expert(s) and then the Trustee's rebuttal expert(s). Each party shall be responsible for paying the costs of their respective experts to prepare for and testify at depositions.

3. Either or both parties may seek leave under the Local Bankruptcy Rules to move for summary judgment under Fed. R. Bankr. P. 7056 after completion of discovery and before taking the steps set forth in paragraphs 3-6 below. If such request is granted, the parties shall schedule the adjourned pre-trial conference which will take place approximately one month after the Court rules on summary judgment.

4. The Court will hold a final pretrial conference on or after **September 1, 2024** (unless a party has previously obtained permission under the Local Bankruptcy Rules to move for summary judgment, which motion shall be heard at a date and time of the Court's choosing), <u>at which time the parties must be prepared to proceed to trial within two weeks</u>.

5. In advance of the final pretrial conference, the parties shall have conferred and used their best efforts to agree on a joint exhibit book and shall have identified any exhibits whose admissibility is not agreed.

6. In addition, on or before two weeks before the final pretrial conference, the parties shall have exchanged proposed witness lists.

7. The next status hearing in the above-captioned adversary cases will be held on November 10, 2022 at 10:00 a.m. (ET).

Dated: August 11, 2022
New York, New York

>                                    */s/ Sean H. Lane*
>                                    **United States Bankruptcy Judge**

4