UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>                       Debtors.[1] | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>(Jointly Administered) |
| RICHARD LEVIN, Liquidating Trustee for the Liquidating Trust of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a A. JAFFE, INC.,<br>                       Plaintiff,<br><br>          v.<br><br>NIRAV DEEPAK MODI, MIHIR BHANSALI, and AJAY GANDHI,<br>                       Defendants. | Adv. Proc. No. 19-1102 (SHL) |
| RICHARD LEVIN, Liquidating Trustee for the Liquidating Trust of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a A. JAFFE, INC.,<br>                       Plaintiff,<br><br>          v.<br><br>MIHIR BHANSALI and AJAY GANDHI,<br>                       Defendants. | Adv. Proc. No. 20-1052 (SHL) |

## AGREED PROTECTIVE ORDER

WHEREAS, Plaintiff Richard Levin, as Liquidating Trustee for the Liquidating Trust of Firestar Diamond, Inc. *et al.* (the "**Trustee**"), and Defendants Mihir Bhansali and Ajay Gandhi (the "**Defendants**," together with the Trustee, the "**Parties**") have agreed to the following terms of confidentiality in connection with the above-captioned adversary cases (the "**Adversary**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

Cases"), and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of these Adversary Cases:

1. <u>Designation of Confidentiality</u>. Counsel for any Party may designate any document or information, in whole or in part, as confidential (the "**Designating Party**"), only if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information entitled to protection under Federal Rule of Civil Procedure 26(c). A party shall designate information and documents as confidential as follows:

(a) By marking each specific portion of the document as "Confidential" and on each page of the document containing any Confidential Information with the legend "CONFIDENTIAL."

(b) In the case of depositions and the information contained in depositions (including exhibits), the Designating Party or witness shall designate the specific portions of the transcript (including exhibits) which contain Confidential Information by making a statement to such effect on the record in the course of the deposition or in writing to all other counsel of record within 10 days of receipt of the final copy of the deposition transcript. The Designating Party or witness shall provide the court reporter with a copy of any letter containing confidentiality designations and request that the court reporter incorporate the designations in the official deposition transcript. The entire deposition transcript (including exhibits) shall be treated as

"Confidential" under this Order until the expiration of the 10-day period for designations.

(c)     To the extent that information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic or magnetic media) ("**Computerized Material**"), the Designating Party may designate such material as "CONFIDENTIAL" by cover letter referring specifically to the asserted confidential portions of such matter or by affixing to such media a label containing the appropriate legend with specific designations of confidentiality.

(d)     In the event Confidential Information is inadvertently disclosed by, or on behalf of, the Designating Party without being marked as "Confidential," Designating Party may retroactively mark such Confidential Information as "Confidential," from which point forward the Confidential Information shall be treated as subject to this Order.

(e)     A Designating Party's designation of information as "Confidential" shall constitute a representation for purposes of any applicable professional standards of conduct and guidelines applicable to the parties and their counsel in this action that the Designating Party has reviewed the document, material or information and has a valid and good faith basis for the designation.

2.     <u>Debtors' Material</u>.  The Trustee agrees not to withhold any communication between the Debtors and their counsel prior to the Trustee's appointment, or to prevent the Defendants from seeking or obtaining discovery concerning such communications from the Trustee or other third parties in connection with the Adversary Cases, on the basis of the attorney-client privilege or work-product doctrine. Except to the limited extent necessary to effectuate the foregoing agreement, the Trustee does not waive any privilege over such materials. The Trustee reserves the

3

right to assert any applicable privilege over such materials against any other party or for any other purpose.

3. **2018 Protective Order**. Consistent with paragraph 19 of the *Protective Order Governing Trustee Discovery* (Case No. 18-10509, Dkt. 529) (the "**2018 Protective Order**"), upon receiving document requests from the Defendants, the Trustee agrees to send a copy of such document requests and this Order to any third party who produced material designated as "Confidential" and "Highly Confidential" under the 2018 Protective Order, and to notify them that, if they do not object within five business days, they will be deemed to consent to the Trustee's production of "Confidential" and "Highly Confidential" material to the Defendants for use in connection with the Adversary Cases. The use and production of the "Confidential" and "Highly Confidential" material shall be governed by this Order. To the extent a third party refuses to consent to the Trustee's production of "Confidential" and "Highly Confidential" material to the Defendants, the Trustee shall support the Defendants' efforts to seek authorization from such third-party and/or the Court for the Trustee to produce such material to the Defendants.

4. **Use of Confidential Information**. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned chapter 11 case and any related adversary proceedings, including any related appeals, and for no other purpose without prior written approval from the Court or the prior written consent of the Designating Party. The scope of this Order shall be understood to encompass items or things that are expressly designated as Confidential discovery material as well as any summaries, copies, excerpts, or the like created directly from Confidential discovery material and from which Confidential discovery material can be discovered.

4

5. <u>Objections to Designations.</u>  In the event a party objects to the designation of any material under this Order (the "**Objecting Party**"), at any time thereafter, the Objecting Party shall state its objections in an email or letter to counsel for the Designating Party, whereupon the interested parties shall meet and confer in an attempt to resolve any objection within ten (10) days. If the parties are unable to amicably resolve the dispute after the objection is stated, the Designating Party may ask the Court for a ruling as to whether the designated material may, in accordance with the Federal Rules of Civil Procedure or other applicable law, properly be treated as confidential, provided such motion is made within thirty (30) days from the date of the stated objection.  If the Designating Party fails to file a Motion with the Court within thirty (30) days of being advised of the objection, the document and/or information at issue shall be deemed not to be confidential in accordance with this Order.  If challenged by the Objecting Party, the Confidential Information shall not be presumed properly designated as confidential unless a Designating Party demonstrates otherwise.

6. <u>Persons to whom Material May be Disclosed</u>.  All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

(a) The requesting party and their counsel;

(b) Employees of such counsel assigned to and necessary to assist in the litigation;

(c) Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

(d) Any witness called to testify at deposition or any witness whom counsel for a Party in good faith believes may be called to testify at trial or deposition in these adversary actions;

(e) Stenographers engaged to transcribe depositions conducted in these adversary actions;

5

(f) Independent photocopying, graphic production services, or litigation support services employed by the Parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(g) The Court, Court personnel, jurors, and qualified persons (including necessary clerical personnel), any mediator, special master, or person recording, taking or transcribing testimony and argument at any deposition, hearing, trial or appeal, or other person having access to any Confidential Information by virtue of his or her position with the Court; and

(h) Any other person whom the producing person and the designating party (if not also the producing person) agree in writing may have access to such Confidential Information.

7. <u>Notification of Protective Order</u>. Confidential Information may be disclosed to persons who are non-parties pursuant to 5(c), (f), and (h) of this Order only after (1) such persons are provided with a copy of this Order, (2) disclosing counsel advises them that they are bound by the provisions of this Order, and (3) such persons acknowledge in writing that they are bound by the provisions of this Order.

8. <u>Precautions</u>. Each person who has access to the Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

9. <u>Filing with the Court</u>. All Confidential Information filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Information, may be filed with redactions or under seal without further order of this Court. After filing any redacted or sealed papers, the filing party shall serve an unredacted copy of such papers on counsel for the other Parties.

10. <u>No Waiver of Privilege</u>. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored

information ("**ESI**") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.     <u>Third Party Subpoenas</u>.  If Confidential Information in the possession of a Receiving Party is subpoenaed by any court, administrative or legislative body or authority, or any other non-party purporting to have authority to request the production of information by subpoena or other compulsory process, other than this Court, the subpoenaed party shall promptly notify counsel for the Designating Party in writing of such request.  Such notification shall be made to counsel for the Designating Party no later than five (5) business days prior to the date on which compliance with the subpoena is requested, or if the compliance date is fewer than five (5) business days from the date the subpoenaed party first received notice of the subpoena, then such notification to counsel shall be made as soon as possible.  The subpoenaed party shall not disclose or produce Confidential Information in response to the subpoena prior to the date and time on which compliance with the subpoena is requested.

12.     <u>Limitation on Scope and Modification of this Order.</u>  The restrictions in this Order shall not apply to documents or information that are publicly available or that are obtained independently by a Party from a person lawfully in possession of those documents.  Nothing in this paragraph shall prevent a party from applying to the Court for further or additional protective orders.  The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify same at any time.  The rules governing the use of Confidential Information at

7

trial shall be determined at a future date, to be as consistent as practicable with the terms of this Order.

13. <u>No Admission.</u>  Nothing in this Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Further, a party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

14. <u>Effect on Other Rights.</u>  Except as expressly set forth herein, this Order does not enlarge or otherwise affect the proper scope of discovery, restrict a party's right to object to a specific discovery request, affect the applicability of any privilege in this or any other litigation, or imply that Confidential Information designated under the terms of this Order is properly discoverable, relevant, or admissible in this or any other litigation.

15. <u>Survival of Order.</u>  This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. <u>Obligations after Litigation.</u>  At the conclusion of this litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after the entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

| | |
|---|---|
| **JENNER & BLOCK LLP** | **MONTGOMERY MCCRACKEN WALKER & RHOADS LP** |
| /s/ *Angela M. Allen* | /s/ *Marc J. Phillips* |
| Marc Hankin, Esq.<br>Carl N Wedoff, Esq.<br>919 Third Avenue<br>New York, NY 10022<br>212-891-1600<br><br>Angela M. Allen, Esq. (admitted pro hac vice)<br>353 N. Clark Street<br>Chicago, IL 60654-3456<br>312-222-9350<br><br>*Attorneys for Plaintiff Richard Levin, as Liquidating Trustee for the Liquidating Trust of Firestar Diamond, Inc. et al.* | Edward Schnitzer, Esq.<br>Marc. J. Phillips. Esq. *(admitted pro hac vice)*<br>David Dormont, Esq. *(admitted pro hac vice)*<br>1735 Market Street, 19th Floor<br>Philadelphia, PA 19103<br><br>*Attorneys for Defendant Ajay Gandhi* |
| | **WHITE & WILLIAMS LLP** |
| | /s/ *Thomas E. Butler* |
| | Thomas E. Butler, Esq.<br>Nicole A. Sullivan, Esq.<br>7 Times Square, Suite 2900<br>New York, NY 10036-6524<br><br>*Attorneys for Defendant Mihir Bhansali* |

Dated: August 18, 2022

*/s/ Sean H. Lane*
United States Bankruptcy Judge