**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., et al. | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |
| RICHARD LEVIN, Liquidating Trustee for the Liquidating Trust of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a A. JAFFE, INC., | |
| Plaintiff, | Adv. Proc. No. 19-1102 (SHL) |
| v. | |
| NIRAV DEEPAK MODI, MIHIR BHANSALI, and AJAY GANDHI, | |
| Defendants. | |

**DECLARATION OF RICHARD LEVIN IN SUPPORT OF
PLAINTIFF'S MOTION FOR AN ORDER OF ATTACHMENT AND OTHER
PROVISIONAL RELIEF AGAINST DEFENDANT MIHIR BHANSALI**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

I, Richard Levin, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the trustee ("**Trustee**") of the liquidating trusts of the estates of the Debtors in the above-captioned chapter 11 cases.

2. I submit this Declaration in support of my *Motion for an Order of Attachment and Other Provisional Relief Against Defendant Mihir Bhansali* (the "**Attachment Motion**") seeking to levy Defendant Mihir Bhansali's former interest in his personal residence at 50 Riverside Boulevard, Apartment 24A, New York, New York (the "**Bhansali Residence**"), which he transferred to his wife, Rakhi Bhansali, two days after the Debtors' bankruptcy filing, to secure potential judgment against Bhansali in the above-captioned adversary proceeding up to $15 million, plus interests and costs incurred in this action.

3. The statements in this Declaration are based on my personal knowledge, information supplied or verified by my professionals, my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtors' operations and financial condition. If called as a witness, I could and would testify competently to the facts set forth herein.

4. Based upon my investigation to date, and as set forth in the allegations contained in the memorandum of law submitted in support of the Attachment Motion (the "**Supporting Memorandum**") and in the complaints attached as Exhibits 1 and 2 to this Declaration, Defendant Bhansali was directly involved in Nirav Modi's years-long and multibillion-dollar bank fraud. For example, Bhansali personally oversaw the creation, staffing, and operations of the Shadow Entities (*i.e.*, the purportedly arm's length Dubai and Hong Kong-based jewelry companies through which the circular import/export transactions underlying the Bank Fraud flowed). Attachment of the Bhansali Residence is necessary to secure any judgment the Court may enter on the claims asserted in my complaints in this action.

5. The Bhansali Residence is likely among the primary assets that I will seek to recover if I prevail on my claims against Bhansali. It was originally purchased for approximately $7.1 million in March 2017. Because I have not yet conducted discovery of the assets of Bhansali, I do not know yet if he owns other material assets that may contribute to satisfaction of a judgment. If the Bhansali Residence is further transferred or encumbered, or if the proceeds from any sale of the Bhansali Residence is depleted, my ability to collect on a judgment may be substantially impaired, if not eliminated. Accordingly, an order attaching the Bhansali Residence is necessary to provide security in this action. *See* N.Y. C.P.L.R. § 6223(b).

6. Finally, attached hereto are true and correct copies of the exhibits cited in the Supporting Memorandum.

7. **Exhibit 1** is a true and correct copy of the Trustee's first amended complaint filed in Adv. No. 19-1102 on September 20, 2019.

8. **Exhibit 2** is a true and correct copy of the Trustee's complaint filed in Adv. No. 20-1052 on February 25, 2020, which contains extensive additional details illustrating Bhansali's leading role in the Bank Fraud scheme and subsequent cover-up and looting efforts.

9. **Exhibit 3** is a true and correct copy of the *Report of John J. Carney, Examiner* [Bankr. Dkt. 394], filed in the Debtors' chapter 11 cases on August 25, 2018.

10. **Exhibit 4** is a true and correct copy of the Judgement entered by the Westminster Magistrates' Court on February 25, 2021 granting the Government of India's request to extradite Nirav Modi from the United Kingdom, in which the court concluded that "the combination of the evidence taken as a whole create an inevitable conclusion [that Nirav Modi], his brother, Mr. Shetty, Mr. Bhansali and Mr. Joshi Jie Zhang, were operating together dishonestly with other associates and banking officials to defraud PNB." (p. 35).

2

11. **Exhibit 5** is a true and correct copy of the Judgment entered by the India Debts Recovery Tribunal on June 7, 2019 against Nirav Modi, his family members, and certain related entities.

12. **Exhibit 6** is a true and correct copy of the India Enforcement Directorate's supplemental complaint against Nirav Modi and Mihir Bhansali (among others) and supporting witness statements.

13. **Group Exhibit 7** contains true and correct copies of auto-recovered versions of deleted spreadsheets recovered from Bhansali's computer, as summarized on p.6 of the Supporting Memorandum.

14. **Group Exhibit 8** contains true and correct copies of Bhansali's email correspondence and related attachments summarized on pp. 7-8 of the Supporting Memorandum.

15. **Exhibit 9** is a true and correct copy of a summary of Bhansali's passport data recovered from Bhansali's computer.

16. **Exhibit 10** is a true and correct copy of the *Application for and on Behalf of Purvi Mehta Bringing Additional Facts on Record for Seeking Directions to the Responses to Ensure Speedy and Just Recovery of Assets*, filed by Purvi Mehta in the Bombay City Civil and Sessions Court, Case No. 2021-0100462, on January 25, 2022, in which Purvi Mehta admitted that she received tens of millions of dollars in proceed of the Bank Fraud, that she had agreed to turn over more than $33 million in fraud proceeds held in two bank accounts to India Directorate of Enforcement, and that she "has never intended to project the proceeds of crime as untainted." (p. 3).

17. **Exhibit 11** is a true and correct copy of the order issuing a pardon to Purvi Mehta, filed in the Court of Special Judge Under the Prevention of Money Laundering Act at Greater Bombay, Case No. 3 of 2019, filed on April 1, 2021.

18. **Exhibit 12** is a true and correct copy of the deed dated March 13, 2017 through which Mihir Bhansali and Rakhi Bhansali acquired the Bhansali Residence.

19. **Exhibit 13** a true and correct copy of the deed dated February 28, 2018 through which Mihir Bhansali and Rakhi Bhansali conveyed their interest in the Bhansali Residence to Rakhi Bhansali as sole grantee.

20. **Exhibit 14** is a true and correct copy of the provisional attachment order and complaint of the India Enforcement Directorate against Nirav Modi, Mihir Bhansali, and Rakhi Bhansali, dated October 5, 2018 and filed in the Adjudicating Authority Under the Prevention of Money Laundering Act in Mumbai, India.

21. **Exhibit 15** is a true and correct copy of an Order entered by the Court of Special Judge for PMLA for Greater Bombay in PMLA Case No. 04 of 2018 on June 12, 2018, in which the court found that the India Enforcement Directorate's preliminary evidence supported the conclusion that "Mihir Bhansali was instrumental in creating dummy companies in Dubai and appointing dummy directors and making relevant accounting procedures. He was in charge of all the dummy transactions and fund flow all over the world for Nirav Modi Group companies. He assisted in layering of proceeds of crime and [was] involved in the process of money laundering."

22. **Exhibit 16** is a true and correct transcript of the Examiner's August 7, 2018 deposition of Mihir Bhansali.

Dated: August 31, 2022         */s/ Richard Levin*
New York, New York             Richard Levin