**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ x | | |
| In re: | : | Chapter 11 |
| | : | |
| FIRESTAR DIAMOND, INC., *et al.*, | : | Case No. 18-10509 (SHL) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------ x | | |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a/ A. JAFFE, INC., | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Adv. Proc. No. 19-1102 (SHL) |
| NIRAV DEEPAK MODI, MIHIR BHANSALI, and AJAY GANDHI, | : : : | |
| Defendants. | : | |
| ------------------------------------------------------------ x | | |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a/ A. JAFFE, INC., | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Adv. Proc. No. 20-1052 (SHL) |
| MIHIR BHANSALI and AJAY GANDHI, | : : | |
| Defendants. | : | |
| ------------------------------------------------------------ x | | |

**SETTLEMENT ORDER AND CONTRIBUTION BAR**

**THIS MATTER COMING TO BE HEARD** upon the joint motion of Richard Levin, not individually but as the Liquidating Trustee (the "**Trustee**")[1] for the liquidating trusts of debtors Firestar Diamond, Inc., Old AJ, Inc. (f/k/a A. Jaffe, Inc.), and Fantasy, Inc. (collectively, the

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

"**Debtors**"), and Ajay Gandhi (together, with the Trustee, the "**Movants**") for approval of their proposed allocation of insurance proceeds to fund a settlement and for entry of a contribution bar (the "**Motion**"); after considering the Motion, the pleadings, the statements of counsel, any responses and objections, the evidence adduced, and for the reasons set forth herein, and for any reasons assigned orally in open court,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.  The Court has jurisdiction pursuant to 28 U.S.C. § 1334.

B.  Notice of this Motion has been served on: (a) all counsel of record in the Firestar-Related Litigation; and (b) the Insurers under the Insurance Policies (collectively, "**Notified Persons**").

C.  All Notified Persons have received advance notice of this Motion and of the relief requested therein, including the proposed allocation of insurance proceeds, finding of good faith, and the proposed contribution bar order; this Court gave all Notified Persons and all other persons who appeared before it on the Motion or who otherwise expressed an interest in appearing or in being heard, a full and fair opportunity to object to the Motion or the relief requested and to present arguments and evidence in support of any such objection.

D.  Notice of this Motion constitutes due, sufficient and timely notice to all persons entitled thereto in accordance with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of this Court, and of due process. No other or further notice of the Motion or of this Order is necessary.

E.  The Trustee and Gandhi negotiated at arm's-length and in good faith with the assistance of a prominent mediator to reach agreement on the matters resolved through the

Settlement Agreement relating to the claims the Trustee asserted or could have asserted against Gandhi in Adv. No. 19-1102 and Adv. No. 20-1052.

F. The Settlement Agreement is fair and reasonable with respect to Bhansali's and Gandhi's rights to the proceeds of the Insurance Policies.

G. By agreeing to allocate 50% of the remaining proceeds of the Insurance Policies to fund the Settlement and reserving the other 50% for Bhansali's claims under the Insurance Policies, the Insurers acted in good faith, reasonably, and did not favor one Insured over the other.

H. The Settlement Agreement and the releases contained therein were negotiated and reached in good faith and in accordance with applicable law. The requested contribution bar in favor of Gandhi is narrowly tailored and no one has been set apart for unfair treatment. All legal requirements relating to the requested contribution bar have been satisfied in connection with the settlement and the Trustee and Gandhi have acted in good faith in all respects relating thereto.

I. To the extent that any of the above findings of fact are conclusions of law they shall be treated as such. To the extent that any of the above conclusions of law are findings of fact they shall be treated as such.

**IT IS HEREBY ORDERED:**

1. The Motion is granted in all respects.

2. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified to the extent necessary to allow the Insurers to fund the settlement under the Insurance Policies.

3. Within fifteen (15) business days of the Final Effective Date, Gandhi and the Insurers shall cause to be paid to the Trustee 50% of the remaining policy limits under the Insurance Policies, subject to the contemplated $50,000 carve-out, in accordance with and subject to the terms and conditions of the Settlement Agreement.

4. All persons and entities (each a "**Third Party**" and collectively, the "**Third Parties**") are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting against Gandhi any request, claim, or cause of action for or otherwise seeking contribution, indemnification or other remedy, however denominated, against Gandhi where the injury or damage to such Third Party is based upon (i) such Third Party's alleged liability to the Trustee or to another Third Party against whom the Trustee has asserted a claim; (ii) the amounts paid, whether by settlement or otherwise, to the Trustee or to another Third Party against whom the Trustee has asserted a claim; or (iii) the costs (including attorneys' fees) incurred defending against such claims.

5. Gandhi is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any request, claim, or cause of action for or otherwise seeking contribution, indemnification, or other remedy, however denominated, against a Third Party where the injury or damage to Gandhi is based upon (i) Gandhi's alleged liability to the Trustee; (ii) the amounts paid, whether by settlement or otherwise, to the Trustee; or (iii) the costs (including attorneys' fees) incurred defending against any claim asserted by the Trustee.

6. Any monetary award or judgment obtained by the Trustee from or against any third party for the same injuries alleged against Gandhi in the D&O Lawsuits, for which contribution, reimbursement, or common law indemnification would be available from Gandhi if not for the provisions of paragraph 4 and 5 of this Order, shall be reduced (after any applicable trebling) by the greater of: (a) the amount the Trustee actually receives under the Settlement Agreement; and (b) Gandhi's proportionate share of any common damages, as proven at trial.

7. This Order shall have the same effect as if entered in the above-captioned chapter 11 case and all related adversary proceedings.

8. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated:   White Plains, New York
        April 28, 2023                        */s/ Sean H. Lane*
                                            United States Bankruptcy Judge