| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | |
| In Re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., et al. | Case No. 18-10509 (DSJ) |
|       Debtors | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | |
| RICHARD LEVIN, trustee for the liquidating<br>trust of FIRESTAR DIAMOND, INC., | |
|       Plaintiff, | |
|       v. | Adv. Pro. No. 19-01102 (DSJ) |
| NIRAV MODI and MIHIR BHANSALI, | |
|       Defendants. | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | |

## DECISION AND ORDER GRANTING REQUEST FOR ORDER COMPELLING PRODUCTION OF TAX RETURNS AS STATED IN TRUSTEE'S MOTION TO COMPEL

On April 4, 2025, the Court heard argument on the Trustee's renewed motion to compel documents by defendant Mihir Bhansali and his wife, Rakhi Bhansali. That motion was resolved in all but one respect by rulings delivered orally on the record. A short order memorializing those oral rulings is being entered separately. The Court reserved decision, however, with respect to the portion of the motion to compel that sought an order compelling Mr. and Ms. Bhansali to produce copies of their tax returns that are within their possession, custody, or control. Having considered the parties' submissions and arguments against the procedural and factual backdrop of this case, the motion to compel production of tax returns as described in the motion is hereby GRANTED.

This decision and order assumes familiarity with this case and its procedural history. Mr. Bhansali is alleged to have been a key participant in a massive fraud which allegedly featured, among other things, the frequent transfer and concealment of assets to and among family members. The plaintiff is attempting to identify, trace, and document relevant assets and asset movements. This adversary proceeding was filed in 2019 and document discovery is not yet complete, but the Trustee has been diligently seeking documents for years, often over opposition. The Trustee represents that he has received a small number of tax returns, possibly two, and that those returns revealed relevant and important information about assets about which the Trustee had no information from any other source. The Trustee suspects that other returns will yield similar new and valuable information. Further, despite intensive and long-running efforts, the Trustee has been unable to develop comprehensive information about the Bhansalis' finances through sources other than their tax returns. Discovery efforts are ongoing with a May 1, 2025, deadline for completion of document discovery currently in place. Particularly because many relevant financial dealings occurred abroad in jurisdictions where discovery may be slow and difficult if not impossible, the Trustee now seeks to compel production of tax returns as part of his effort to understand and demonstrate asset ownership and transfers that the Trustee argues were part of the fraudulent scheme at issue.

The Bhansalis oppose, arguing that courts exhibit special solicitude and require a heightened showing before requiring the production of tax returns given privacy sensitivities that uniquely are presented by tax returns. They argue that, at a minimum, it is premature to require the production of their tax returns before other efforts at discovery have concluded.

Many courts have agreed with the Bhansalis' legal contention that courts should or generally do tread with some caution before requiring the production of tax returns. In the view of those courts, a party requesting tax returns "bears the burden of establishing both relevancy and a compelling need for the tax returns." *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.,* 464 F. Supp. 3d 665, 670 (S.D.N.Y. 2020), *objections overruled sub nom. United States Sec. & Exch. Comm'n v. Kontilai*, No. 19CIV4355LGSGWG, 2020 WL 4496764 (S.D.N.Y. Aug. 4, 2020)(quoting *Xiao Hong Zheng v. Perfect Team Corp.,* 739 F. App'x 658, 660 (2d Cir. 2018)). This view stems from the recognition that, "[a]lthough tax returns are not privileged, *see St. Regis Paper Co. v. United States,* 368 U.S. 208, 218–19, 82 S.Ct. 289, 295–96, 7 L.Ed.2d 240 (1961), their disclosure in civil actions requires 'a balancing of the policy of liberal discovery against the policy of maintaining the confidentiality of tax returns.' *SEC v. Cymaticolor Corp.,* 106 F.R.D. 545, 547 (S.D.N.Y.1985)." *Lemanik, S.A. v. McKinley Allsopp, Inc.*, 125 F.R.D. 602, 609 (S.D.N.Y. 1989). Judge Edward Weinfeld took a similar view as far back as 1964:

> "the public policy against disclosure [of tax returns] cannot be ignored; it must be taken into account together with the policy which favors liberal pretrial discovery. Giving appropriate weight to each, the production of tax returns should not be ordered unless it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and further, that there is a compelling need therefor because the information contained therein is not otherwise readily obtainable."

*Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 483-84 (S.D.N.Y. 1964).

Here, the Trustee meets these requirements. First, here, the records sought are relevant to the issues of this case. Again, and speaking broadly, the complaint alleges a massive scheme to fraudulently induce transfers of assets to participants in the fraud without delivering promised value in exchange, coupled with elaborate asset transfers and/or concealment in an attempt to evade detection and/or accountability for the alleged fraud. The Trustee has established the

relevance of the requested tax returns of key alleged participants in this scheme. The information sought is likely to help the Trustee identify who had ownership of or income derived from what assets at what time.

The Court does not accept the Bhansalis' main argument, which is that compelling them to produce tax returns would be improperly intrusive and unsupported by a showing of "compelling need," at least before the Trustee has completed efforts to secure the information he seeks through other, less intrusive forms of discovery. The Trustee has been pursuing discovery for more than two years already, often over resistance, and has not yet obtained a reliable overview of the relevant actors' finances. At the April 4 hearing, counsel for the Bhansalis acknowledged that their efforts to obtain and produce records of closed financial accounts were limited to attempting to log onto electronic records of accounts they once held using standard customer online portals, which did not work because the accounts were closed; the Bhansalis took no further steps to request this information from their former financial institutions. Thus, the Bhansalis' own grudging-at-best approach to providing information, coupled with the undisputed difficulties of the Trustee obtaining foreign account records through standard discovery efforts, show to the Court's satisfaction that the Trustee likely never will get complete information without seeing the tax returns. Even if that were not so, the Trustee has a compelling need to see the tax returns to verify other information and to satisfy himself that he has done all that can be done to investigate the alleged scheme. It may well often be reasonable and an appropriate privacy safeguard to direct litigants to pursue other sources of information before turning to tax returns, but discovery in this case has progressed far enough and has clearly demonstrated the compelling need for the tax returns sought, that there is no longer reason to force the Trustee to wait further.

For these reasons, the Trustee's renewed motion to compel is GRANTED insofar as it seeks an order compelling production of copies of tax returns that the motion specified. All other aspects of the motion were resolved by oral rulings which have been memorialized in a separate order docketed on April 4.

It is so ordered.

Dated: New York, New York
      April 4, 2025

                                          *s/ David S. Jones*
                                          Honorable David S. Jones
                                          United States Bankruptcy Judge