UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.*, | Case No. 18-10509 (DSJ) |
| | (Jointly Administered) |
| Debtors. | |

------------------------------------------------------------X

| | |
|---|---|
| RICHARD LEVIN, trustee for the liquidating trust of FIRESTAR DIAMOND, INC., | |
| Plaintiff, | Adv. Proc. No. 19-01102 (DSJ) |
| v. | |
| NIRAV MODI and MIHIR BHANSALI, | |
| Defendants. | |

------------------------------------------------------------X

<u>**DECISION AND ORDER GRANTING TRUSTEE'S MOTION TO DEEM AS ADMITTED THE MATTERS STATED IN THE TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT NIRAV MODI**</u>

**APPEARANCES:**

**JENNER & BLOCK LLP**

*Counsel for the Trustee*

1155 Avenue of the Americas

New York, New York 10036

By:   Carl N. Wedoff

**DAVID S. JONES**

**UNITED STATES BANKRUPTCY JUDGE:**

1

Pending before the Court is the Chapter 11 Trustee's motion (the "**Motion**") seeking entry of an order deeming admitted the matters stated in the Trustee's requests for admission ("**RFAs**") to defendant Nirav Modi ("**Mr. Modi**"). The Trustee served the RFAs on Mr. Modi in April 2025, and Mr. Modi, who is not represented by counsel in this matter and is incarcerated in England, has acknowledged receiving the RFAs on May 5, 2025. He earlier had participated via telephone in a hearing held on April 24, 2025, during which the Court specifically informed him of the need to respond to RFAs and the serious consequences of a failure to do so. Mr. Modi nevertheless took no action in response to the RFAs for months, but, shortly before the September 23, 2025, hearing on the Trustee's motion, he caused English counsel to transmit to this Court correspondence and grossly untimely proposed responses to the RFAs, urging the Court to deny the Motion and accept his belatedly offered RFA responses.

For the reasons stated below, the Trustee's motion is GRANTED.

## BACKGROUND

This Decision assumes familiarity with the facts of this case and discusses only the background relevant to the instant motion. The Trustee serves as liquidating trustee of the bankruptcy estate of Firestar Diamond, Inc., and related debtor entities. Firestar Diamond is alleged to have been a central player in the largest bank fraud in Indian history. Mr. Modi is alleged to have been at the center of the alleged fraudulent scheme. He is incarcerated in England pending extradition to India, where he faces criminal charges. The Trustee is attempting to identify and recover assets that may be used to compensate creditors of the Firestar Diamond estate. Critical to the Trustee's efforts is his attempt to secure financial records and other information from and about Mr. Modi.

This case's procedural history is as follows. In March 2019, the Trustee commenced this adversary proceeding against Mr. Modi and two co-defendants, who served as executives of the Debtors, for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, and violations of the Racketeering Influenced Corrupt Organizations Act. The defendants moved to dismiss the complaint. On September 20, 2019, the Trustee filed an amended complaint against Mr. Modi and his co-defendants. In August 2020, Mr. Modi's then counsel, Patterson Belknap Webb & Tyler LLP, moved to withdraw as counsel [Adv. Dkt. 67]. On September 14, 2020, this Court authorized Patterson's withdrawal as counsel. [Adv. Dkt. 68].

Mr. Modi failed to file a timely answer to the Trustee's amended complaint, and upon the Trustee's request, the Clerk filed an Entry of Default on January 10, 2022 [Adv. Dkt. 81]. Ten months later, Mr. Modi's new counsel, Moritt Hock & Hamroff LLP ("**MHH**"), moved to vacate the default on the premise that Mr. Modi did not receive a copy of the order denying his motion to dismiss at the prison where he was incarcerated, and that, as a non-lawyer, Mr. Modi did not understand the consequences of the Entry of Default. [Adv. Dkt. 107]. On January 30, 2023, this Court entered an order granting Mr. Modi's motion to vacate and extending the deadline to file an answer. [Adv. Dkt. 113]. Over a year later, MHH moved to withdraw as counsel and, for a second time, this Court authorized the withdrawal of Mr. Modi's counsel, although with a warning that this case may proceed with Mr. Modi appearing *pro se* if he failed to retain new counsel within 28 days from entry of the order authorizing withdrawal of counsel. [Adv. Dkt. 184]. Mr. Modi failed to retain new counsel within the time allowed by the Court, and this proceeding has moved forward with Mr. Modi representing himself.

In June 2023, the Trustee served his First Requests for Production of Documents to Mr. Modi ("**First RFPs**"). Mr. Modi provided a limited document production in December 2023 and

3

served responses and objections in April 2024. In January 2024, the Trustee served his Second Requests for Production of Documents ("**Second RFPs**") to Mr. Modi. Mr. Modi did not produce any documents in response to the Second RFPs. Subsequently, in April 2025, the Trustee served Requests for Admission ("**RFAs**"). Fact discovery is to be completed by October 24, 2025. [Adv. Dkt. 222].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 36, upon the filing of a "written request to admit" as described in Rule 36(a)(1), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). A matter admitted under the rule is "conclusively established" unless the court allows the admission to be "withdrawn or amended," but it "is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b).

## DISCUSSION

The Trustee first attempted to serve the RFAs on Mr. Modi on March 28, 2025. However, the Trustee sent the RFAs to a prison where Mr. Modi was formerly incarcerated. Upon realizing the mistake, on April 2, 2025, the Trustee served the RFAs on Mr. Modi at HMP Thameside, London, the prison where he was then and remains incarcerated. Mr. Modi appeared via phone at an April 24, 2025 status conference, and informed the Court that he had not received the RFAs. [Adv. Dkt. 216]. At the same conference, the Trustee's counsel informed the Court and Mr. Modi that he would re-serve the RFAs. On April 28, 2025, the Trustee re-served the RFAs on Mr. Modi, with an updated response deadline. [Adv. Dkt. 223, Ex. 3]. On May 9, 2025, Mr. Modi contacted the Trustee's counsel and confirmed that he received the RFA. [Adv. Dkt. 223, Ex. 4].

4

Mr. Modi also sent a letter dated May 12, 2025, to the Trustee acknowledging receipt of the RFAs on May 5, 2025. [Adv. Dkt. 223, Ex. 5]. The papers that Mr. Modi acknowledged receiving included an express instruction that he needed to respond within 30 days. Moreover, at the April 24 conference, the Court explained the workings and importance of RFAs to Mr. Modi, warning that "if [RFAs] are not responded to and denied, then they're deemed admitted for purposes of the case, so they're very powerful tools." Tr. Hr'g at 48:23-49:5 [Adv. Dkt. 216]. Despite having received abundant notice of his discovery obligations, Mr. Modi failed to timely respond to the RFAs. Instead, three months after the deadline, Mr. Modi's U.K. counsel, who is not representing Mr. Modi in this proceeding, emailed the Court Mr. Modi's untimely responses and a letter requesting that "the Court exercise its discretion as provided in Rule 36(b) of the Federal Rules of Civil Procedure, to permit [Mr. Modi] to serve [his] response to Request for Admission on the Trustee now …." Adv. Dkt. 226 at 7. The Trustee opposes this request as inexcusably late, inadequately supported, consistent with Mr. Modi's failure to constructively engage with this litigation or with his discovery obligations as a party, and prejudicial to the Trustee given the difficulty the Trustee has had obtaining needed information from parties including Mr. Modi and given the impending end of fact discovery. [Adv. Dkt. 223 at 15-19].

Rule 36(b) permits withdrawal or amendment of deemed admissions in the Court's discretion "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. Rule 36(b) (made applicable here by Bankr. R. 7036).

The two requirements of Rule 36(b) are not met here. First, the amendment or withdrawal of the deemed admissions would not promote the presentation of the merits of the action. Many of Mr. Modi's late responses do not provide meaningful responses to the RFAs. Instead, with the

5

exception of two direct admissions (RFA Response Nos. 1, 35) and three direct denials (RFA Response Nos. 6, 33, 35), the responses are a mix of objections on the grounds that the requests are vague, overly broad and seek information that might incriminate Mr. Modi in pending proceedings in India, or that Mr. Modi lacks "knowledge or information sufficient to admit or deny" the requests. Many of Mr. Modi's responses or objections fail to comply with the Rule 36 requirement that denials in response to RFAs "must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4) (incorporated in Bankr. R. 7036). *Se*e RFA Response Nos. 2, 3, 4, 7, 8, 9, 11-22, 29, 32. With the exception of responses asserting that Mr. Modi cannot admit or deny the accuracy of a document because he does not have access to the original copy, the other responses asserting a lack of knowledge or information as the reason for not admitting or denying the request are not credibly accompanied by a statement that Mr. Modi "has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.; See* RFA Response Nos. 7, 8, 9.  Even if the Court were to excuse the responses' untimeliness, they are insufficient for these reasons. *Compare S.E.C. v. Batterman,* No. 00 CIV. 4835 (LAP), 2002 WL 31190171, at *7 (S.D.N.Y. Sept. 30, 2002) (declining to excuse a party's deemed admission where the "vast majority" of a party's untimely responses were "merely one word responses of 'true' or 'false' or statements that they deny knowledge and information sufficient to form a belief as to the allegation, with extremely limited citations and explanations."). Also meritless is Mr. Modi's argument that he should be excused from responding because the requests seek information that might incriminate him in a pending proceeding in India; Rule 36(b) explicitly

6

provides that "[a]n admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b).

The second Rule 36(b) requirement for allowing an amendment of a deemed admission is also absent here. Rather, the Court is persuaded that a withdrawal or amendment would significantly prejudice the Trustee's ability to prosecute his claim. "In order to demonstrate prejudice under the second prong, the plaintiff must demonstrate that it detrimentally relied on the admissions, and demonstrate how difficult it would be to obtain evidence with respect to the questions previously deemed admitted." *In re S.W. Bach & Co.,* No. 07-11569 (MG), 2010 WL 681000, at *3 (Bankr. S.D.N.Y. Feb. 24, 2010). Throughout this case, the Court-ordered deadline for fact discovery, originally set as December 31, 2023, has been extended multiple times as the Trustee has struggled to gain access to witnesses and necessary information. Fact discovery is now scheduled to close on October 24, 2025, a date that the Trustee has urged not be extended further. In that time, the Trustee has continuously encountered resistance from Mr. Modi as the Trustee attempts to conduct discovery through requests for productions and depositions. For instance, Mr. Modi failed to make any production in response to the Trustee's Second RFPs, which were served over a year ago. [Adv. Dkt. 223 at 11]. Mr. Modi has also continually and successfully resisted the Trustee's efforts to depose him. The case's history makes it clear to the Court that Mr. Modi will continue to resist or frustrate efforts by the Trustee to gain necessary information from him, making it highly likely that the Trustee will be prejudiced by an eleventh-hour deprivation of his ability to rely on deemed admissions that the Trustee established months agowhen the time to respond to the RFAs expired. . Similarly, in *S.E.C. v. Batterman,* the court declined to allow an untimely withdrawal or amendment, explaining that the plaintiff "would be prejudiced because many of the responses are nonresponsive, and discovery has closed." *S.E.C.*

*v. Batterman,* No. 00 CIV. 4835 (LAP), 2002 WL 31190171, at *7 (S.D.N.Y. Sept. 30, 2002). The facts of this case are comparable: many of Mr. Modi's responses are nonresponsive and do not appear to fairly meet the assertions that the Trustee propounded, and, although discovery has not yet closed, the timing of Mr. Modi's belated response appears intended to either deprive the Trustee of useful information, or force yet another lengthy extension of discovery and a delay of the case's resolution. Allowing such a delay would reward Mr. Modi for dilatory and obstructionist behavior and would penalize the Trustee who would effectively be forced to either further delay discovery and expend expensive effort to attempt to obtain the information he needs or to prepare for trial without necessary information. Mr. Modi's request, if granted, thus would severely prejudice the Trustee.

Mr. Modi's belated letter fails to show to the contrary. The letter fails to directly address the requirements for allowing withdrawal or amendment of admissions under Rule 36(b). The letter instead seeks leniency based on Mr. Modi's *pro se* status. The Court acknowledges Mr. Modi's status as a *pro se* litigant, and that courts generally make "reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983). But here, as noted, Mr. Modi cannot fairly be thought to have inadvertently forfeited rights; the RFAs themselves warned him of the deadline to respond, and the Court likewise specifically alerted him during the April 24 conference to the serious potential consequences of not responding to RFAs. Nothing requires treating *pro se* litigants so laxly as to excuse such flagrant disregard of the rules. *See McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Edwards v. I.N.S.,* 59 F.3d 58 (2d Cir. 1995) ("[P]*ro se* litigants generally are

8

required to inform themselves regarding procedural rules and to comply with them."); *Priority Recs. LLC v. Biggers,* No. 06 CIV. 3076(BSJ), 2008 WL 11513363, at *2 (S.D.N.Y. Jan. 25, 2008) ("The fact that Defendant is proceeding *pro se* does not excuse her from her Rule 36 obligations.").

Moreover, "[b]ecause the language of the Rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule." *Donovan v. Carls Drug Co.,* 703 F. 2d 650, 652 (2d Cir. 1983). Accordingly, even if Mr. Modi could somehow demonstrate that permitting a withdrawal or amendment would aid the presentation of the merits of this case and would not be prejudicial to the Trustee (which he has not done), the Court would still deny Mr. Modi's request, given Mr. Modi's longstanding lack of cooperation or engagement with the discovery process in what appears to be an attempt to evade his discovery obligations and to indefinitely delay the adjudication of this case.

## CONCLUSION

For the foregoing reasons, the Trustee's motion to deem as admitted the matters stated in the Trustee's First Request for Admission to Mr. Modi is GRANTED.

**IT IS SO ORDERED.**

Dated: New York, New York
       October 15, 2025

                                                    *s/ David S. Jones*
                                                Honorable David S. Jones
                                                United States Bankruptcy Judge