**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.*, | Case No. 18-10509 (DSJ)<br>(Jointly Administered) |
| Debtors. | |
| RICHARD LEVIN, trustee for the liquidating trust of FIRESTAR DIAMOND, INC., | |
| Plaintiff, | Adv. Pro. No. 19-01102 (DSJ) |
| v. | |
| NIRAV MODI and MIHIR BHANSALI, | |
| Defendants. | |

**DECISION AND ORDER GRANTING, IN PART, AND DENYING, IN PART, THE TRUSTEE'S CROSS-MOTION TO DEEM AS ADMITTED THE MATTERS STATED IN THE TRUSTEE'S SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANT NIRAV MODI**

**APPEARANCES:**

**JENNER & BLOCK LLP**
*Counsel for the Trustee*
1155 Avenue of the Americas
New York, New York 10036
By: Carl N. Wedoff

**NIRAV MODI**, *pro se*

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE:**

This decision resolves a discovery dispute between the Chapter 11 Trustee, who is charged with investigating and pursuing recoveries for the estate of a large diamond business that allegedly was involved in massive fraud, and the principal of that business, Nirav Modi, who is proceeding

*pro se* and is incarcerated in the United Kingdom while Indian authorities pursue Mr. Modi's extradition to India. Specifically before the Court is the Trustee's cross-motion (the "**Motion**") [Adv Pro. No. 273] seeking entry of an order deeming admitted the matters stated in the Trustee's second set of requests for admission (the "**Second RFAs**") to defendant Nirav Modi. Mr. Modi filed opposition to the Motion (the "**Opposition**") [Adv. Pro. No. 283], arguing his responses to the Second RFAs were sufficient but, if his responses are deemed inadequate, he should be granted leave to amend the responses.

For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

## BACKGROUND

This Decision assumes familiarity with the facts of this case and discusses only the background relevant to the instant motion.[1] The Trustee serves as liquidating trustee of the bankruptcy estate of Firestar Diamond, Inc., and related debtor entities. Firestar Diamond is alleged to have been a central player in the largest bank fraud in Indian history. Mr. Modi is alleged to have been at the center of the alleged fraudulent scheme. As noted, he is incarcerated in England pending extradition to India, where he faces criminal charges. The Trustee is attempting to identify and recover assets that may be used to compensate creditors of the Firestar Diamond estate. Critical to the Trustee's efforts is his attempt to secure financial records and other information from and about Mr. Modi.

This is the second motion brought by the Trustee concerning Mr. Modi's responses to requests for admission. *See* Adv. Pro. No. 223 (the "**Prior Motion**"); *see also* Adv. Pro. No. 234

[1] A more extensive recitation of this case's procedural history is contained in the Prior RFA Decision (hereafter defined). Adv. Pro. No. 234.

(the "**Prior RFA Decision**"). The Prior Motion sought an order deeming the Trustee's first set of requests for admissions admitted due to Mr. Modi's failure to timely respond to the requests. This Court granted the Prior Motion for the reasons stated in the Prior RFA Decision. *See* Prior RFA Decision, pp. 4-9.

Regarding the Second RFAs, it is undisputed they were served on Mr. Modi in September 2025. *See* Motion, p. 2; Opposition, ¶ 6. Prior to serving his responses, Mr. Modi requested the Trustee's consent to a two-week extension of Mr. Modi's response deadline, as he had been recently transferred to a new prison and he reported that his papers related to this adversary proceeding, including the documents annexed to and inquired about in the Second RFAs, were not transferred with him. *See* Adv. Pro. No. 235, Ex. 1. The Trustee denied Mr. Modi's request. *See* Adv. Pro. No. 235, p. 1 n.2. Thereafter, on October 23, 2025, Mr. Modi served responses and objections to the Second RFAs (the "**Second RFA Responses**"). *See* Adv. Pro. No. 271.

Mr. Modi previously moved to deem the Second RFA Responses timely, in addition to various other requests for discovery-related relief (the "**Omnibus Motion**"). Adv. Pro. No. 262.

In response to the Omnibus Motion, the Trustee filed the Motion, arguing the Second RFAs should be deemed admitted because the Second RFA Responses were untimely served. *See* Motion, Point B. The Trustee also cross-moved to deem the Second RFAs admitted because the Second RFA Responses were insufficient as a matter law. *See Id.*, Point A. The Motion also sought to preclude Mr. Modi from filing a motion, pursuant to Federal Rule of Civil Procedure 36(b), to amend or withdraw any of the Second RFAs deemed admitted. *See Id.*, Ex. B, ¶ 3.

Mr. Modi opposed the Motion, arguing his responses should be deemed sufficient because: (i) Mr. Modi was transferred from one English prison to another without his legal documents

during the time he was afforded under applicable rules to respond to the Second RFAs and, therefore, he asserts he was unable to review the documents annexed to the Second RFAs while providing his responses; and (ii) his responses to the Second RFAs provided proper qualified denials to many of the Second RFAs. *See* Opposition, Point II(B)-(C). Mr. Modi also opposes the ultimate relief sought in the Motion, arguing: (i) he should be afforded the opportunity to amend any responses this Court deems inadequate; and (ii) the Trustee's request to bar Mr. Modi from seeking to amend or withdraw any deemed admissions is improper. *See Id.*, Point II(D), Point III.

During a hearing on August 27, 2026, the Court held that Mr. Modi's responses would be deemed timely served, while deferring resolution of the sufficiency of Mr. Modi's responses (the "**August 27 Order**"). Adv. Pro. No. 284.

On September 23, 2026, Mr. Modi filed a letter seeking clarification of the August 27 Order, specifically requesting confirmation the August 27 Order preserved Mr. Modi's request for leave to amend any of the Second RFA Responses deemed inadequate. Adv. Pro. No. 292.

On September 24, 2026, the Court confirmed all matters related to the Second RFA Responses remained under advisement. Adv. Pro. No. 294.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 36, upon the service of a "written request to admit" as described in Rule 36(a)(1), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Pursuant to Rule 36(a)(4), a party responding to a request for admission may: (i) admit the request; (ii) specifically deny the request; or (iii) "state in detail why the answering party cannot

truthfully admit or deny it." *See* Fed. R. Civ. P. 36(a)(4); *see also Herrera v. Scully*, 143 F.R.D. 545, 549–50 (S.D.N.Y. 1992) (citation modified) (holding RFA responses are inadequate "where a responding party objects to a proper request for admission, makes an evasive denial (i.e., one that does not specifically deny the matter), or makes a response that does not set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.").

A responding party may give a qualified response to a request for admission only if it, in good faith, believes that only part of the request can be truthfully admitted or denied. *See* Fed. R. Civ. P. 36(a)(4) ("[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."); *see also Wiwa v. Royal Dutch Petroleum Co.*, No. 01CIV1909KMWHBP, 2009 WL 1457142, at *4–5 (S.D.N.Y. May 26, 2009) (citation modified) ("When assessing the sufficiency of a party's responses, a court considers whether the response meets the substance of the request and whether any qualifications are demanded by, and made in, good faith.").

The lack of a good faith response, or the failure to provide a detailed explanation of a party's failure to admit or deny a request, renders a response inadequate and, therefore, the request may be deemed admitted. *See Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000) (citation modified) ("Moreover, a refusal to admit, without detailed reasons why the responder cannot truthfully admit or deny is the equivalent of an admission. The court may…determine that, as to answers deemed non-compliant, [] the matter be deemed admitted.").

Finally, while the requesting party bears the initial burden of demonstrating the validity of each request, the responding party bears the burden of demonstrating its objection to a valid request was proper. *Compare Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432 (S.D.N.Y. 2012) (citation modified) ("Rule 36, by its express terms, embraces only requests for admissions

of fact or of the application of law to fact…[t]herefore, only proper requests for admission will be deemed admitted.") *with Freydl v. Meringolo*, No. 09 CIV. 07196 BSJ, 2011 WL 2566079, at *2 (S.D.N.Y. June 16, 2011) (citation modified) ("On a Rule 36(a)(6) motion, the burden is on the objecting party to persuade the court that there is a justification for the objection.").

## DISCUSSION

The Trustee moves to deem each request in the Second RFAs admitted, arguing each of Mr. Modi's responses were insufficient under Rule 36(a)(4). *See* Motion, Point A. This opinion breaks down and discusses the Second RFAs in several subsets with common characteristics, as described more fully below. For ease of review, this opinion addresses the various subsets of requests in the Second RFAs to determine: (i) whether the requests were proper; (ii) whether Mr. Modi's responses were sufficient; and (iii) the appropriate remedy for any deficient responses.

### A. Requests which Mr. Modi Specifically Admitted or Denied

The first set of requests, which are easily disposed of, are those which Mr. Modi either admitted or denied without qualification. *See* Second RFA Responses Nos. 28-29, 40-44, 46, 48, 50-51, 54, 56-57, 61, 63, 65, 72, 74-75, 78, and 80-81. As these responses contained unqualified admissions and denials and are not referenced, nor disputed, in the Motion, the Court deems these responses sufficient. *See, e.g., Azkour v. Haouzi*, No. 11-CV-5780 RJS KNF, 2014 WL 4467897, at *10 (S.D.N.Y. Sept. 9, 2014) (citation modified) ("[T]he use of only the word 'denied' is often sufficient under the rule.").

Accordingly, the Trustee's Motion is DENIED with respect to Second RFA Nos. 28-29, 40-44, 46, 48, 50-51, 54, 56-57, 61, 63, 65, 72, 74-75, 78, and 80-81.

### B. Requests Related to Mr. Modi's Signature on Documents

The second topical subset of requests, which are also easily disposed of, are those seeking Mr. Modi's admission that he signed various documents annexed to the Second RFAs. *See* Second RFA Nos. 2, 4, 6, 8, 10, 12, and 14.

Mr. Modi provided the same response to each of these requests, stating:

> Denied. While the signature on this document looks like my signature, I lack sufficient information or knowledge on which to admit or deny this Request, and therefore deny. The information necessary to respond to this Request is not in my possession or control, and I believe it is in the possession and control of the Indian Investigating Authorities. After a reasonable inquiry in my circumstances, I lack sufficient information to admit, and therefore deny.

*See, e.g.,* Second RFA Response No. 2.

In the Opposition, Mr. Modi clarified that he did, in fact, sign the documents related to each of those RFAs. *See* Opposition, ¶ 34. Based on that representation, the Court will deem Mr. Modi to have admitted each of these requests. *See Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, No. 96 CIV. 2064 (RWS), 1997 WL 53184, at *6 (S.D.N.Y. Feb. 10, 1997) (deeming party's representations in their pleadings to be its responses to the relevant requests).

Accordingly, the Motion is GRANTED with respect to Second RFA Nos. 2, 4, 6, 8, 10, 12, and 14.

### C. Requests Related to the Authentication of Documents

The third subset of requests are those which seek Mr. Modi's admission regarding the authenticity of various documents annexed to the Second RFAs. *See* Second RFAs No. 1, 3, 5, 7, 9, 11, 13, 15-22, 25, 27, 37, 39, 45, 47, 49, 52, 55, 58, 60, 62, 66, 68, 73, 76-77, and 79.

Mr. Modi provided the same response to each of these RFAs, stating:

> Denied. I lack sufficient information or knowledge on which to admit or deny this Request, and therefore deny. The information necessary to respond to this Request is not in my possession or control, and I believe it is in the possession and control of the Indian Investigating Authorities. After a reasonable inquiry in my circumstances, I lack sufficient information to admit, and therefore deny.

*See, e.g.,* Second RFA Response No. 1.

As discussed previously, a party may provide a qualified denial to a request for admission only if it, in good faith, believes it can neither truthfully admit nor deny the request. *See* Fed. R. Civ. P. 36(a)(4); *see also Wiwa v. Royal Dutch Petroleum Co.*, No. 01CIV1909KMWHBP, 2009 WL 1457142, at *4–5. A party may not, however, utilize blanket, unsupported claims of insufficient knowledge to justify its inability to admit or deny a valid request. *See, e.g., Herrera v. Scully*, 143 F.R.D. at 550.

**1. Mr. Modi's Responses were Inadequate**

Mr. Modi's responses to these requests are inadequate for the following reasons.

*First*, Mr. Modi's admission regarding his signature on many of these documents undermines his assertion that he was unable to sufficiently review each document. By Mr. Modi's own admission, he had copies of the annexed documents for nearly a month prior to his transfer to HMP Pentonville, which was the event that he says caused him to lose access to the documents. *See* Opposition, Ex. A, ¶¶ 2-3. It is not persuasive for Mr. Modi to contend that he could confirm his signature on the many of these document, while simultaneously claiming he lacked sufficient time with the documents to verify, to the extent his personal knowledge and recollection permits, whether the documents were (or were not) authentic.

Nor is Mr. Modi excused from authenticating documents by his assertion that the originals of the documents are possessed by Indian authorities so that he cannot carefully compare the documents at issue with their originals. *See Sequa Corp. v. Gelmin*, No. 91 CIV. 8675 (CSH), 1993 WL 350029, at *2 (S.D.N.Y. Sept. 7, 1993) (denying protective order regarding an authentication RFA because, although the responding party lacked originals of the documents, the party failed to set forth a detailed explanation for the party's inability to answer the request and "purported ignorance does not justify relieving a party of its obligation to respond to a request."); *Iron Workers Loc. No. 60 Annuity Pension Fund v. Solvay Iron Works, Inc.*, No. 515CV0054BKSDEP, 2017 WL 1458772, at *4 (N.D.N.Y. Apr. 24, 2017) (overruling party's objection that it cannot authenticate a document it did not author because the party failed to set forth, in detail, why it could not truthfully admit or deny the request after a reasonable inquiry); *see generally Pasternak v. Dow Kim*, No. 10 CIV. 5045 LTS JLC, 2011 WL 4552389, at *6 (S.D.N.Y. Sept. 28, 2011) (holding denials and objections to RFA's seeking authentication of documents must be detailed, specific, and based on a good faith belief that the responding party cannot truthfully admit or deny the request).

*Second*, Mr. Modi's access to these documents belies his claim that he made a reasonable inquiry into whether he could truthfully admit or deny each of these requests. "In responding to a properly stated request, a party must make reasonable inquiry of information known or readily obtainable by him that allows him to fairly admit or deny the request." *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 374 (S.D.N.Y. 1989) (citation modified); *see also Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003) (citation modified) ("Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from [] documents within the responding party's relative control and to state

fully those efforts."). "What constitutes 'reasonable inquiry' and what material is 'readily obtainable' is a relative matter that depends upon the facts of each case." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.,* 174 F.R.D. 38, 43 (S.D.N.Y. 1997) (collecting cases); *see also Diederich v. Dep't of Army*, 132 F.R.D. 614, 619–20 (S.D.N.Y. 1990) (collecting cases holding "relevant documents [] must be reviewed" as part of a reasonable inquiry).

While the Court is cognizant of, and sympathetic to, the difficulties created by Mr. Modi's incarceration, the simple, undisputed fact is that Mr. Modi possessed the relevant documents for approximately three weeks prior to his transfer. He was obligated during that time to conduct a reasonable inquiry into the authenticity of those documents; his failure to do so renders his responses inadequate. *Compare Friedman v. Prudential Life Ins. Co. of Am.*, 589 F. Supp. 1017, 1021–22 (S.D.N.Y. 1984) ("A party cannot [] rely on its failure to make a reasonable inquiry as to the facts sought to be admitted to create a dispute as to the truth of those facts.") *and In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 21 CIV. 7504 (VSB), 2023 WL 1879521, at *4 (S.D.N.Y. Feb. 10, 2023) (granting a motion to compel amended RFA responses because the responding party "ha[d] access to information…and could have made a reasonable inquiry to answer the [] RFAs.") *with ABKCO Music, Inc. v. Sagan*, No. 15CIV4025ERHBP, 2017 WL 3236443, at *5 (S.D.N.Y. July 31, 2017) (denying a motion to compel amended RFA responses because "there appear[ed] to be no steps that defendants could have taken to learn the authenticity and accuracy of documents…").

Notably, because Mr. Modi failed to make a reasonable inquiry prior to responding to the Second RFAs, his initial "denial" before each response does not render each response adequate. *See United States v. Veeraswamy*, 347 F.R.D. 591, 604 (E.D.N.Y. 2024) (holding responses inadequate because "although Defendant has denied each request, the Court is skeptical that she

has made the necessary inquiry as required by Rule 36 before she can make such a denial."). Furthermore, because Mr. Modi stated he was denying each request solely because he lacked sufficient knowledge to admit or deny each request, his failure to conduct a reasonable inquiry renders his response inadequate notwithstanding the perfunctory "denial" in each response.

*Third*, even affording Mr. Modi the benefit of the doubt regarding his inability to review the documents prior to submitting his responses, Mr. Modi has confirmed the documents were returned to him in January 2026, and remained in his possession until April 2, 2026. *See* Opposition, Ex. A, ¶¶ 3, 6.

Mr. Modi's failure to supplement his responses once the documents were once again in his possession calls into doubt the good-faith nature of his objections. *See, e.g., Gateway, Inc. v. ACS Com. Sols., Inc.*, No. 07CIV6732CMDF, 2009 WL 10695887, at *11 (S.D.N.Y. Sept. 18, 2009) (finding party lacked good faith because there was no "reasonable explanation for the delay" in supplementing incomplete discovery responses); *see generally* Fed. R. Civ. P. 26(e) (requiring a party who responded to a request for admission to supplement or correct any incomplete or incorrect responses). If Mr. Modi sincerely intended to meet his obligations and fairly respond to the Second RFAs, rather than delaying the Trustee's efforts for as long as possible, he would have used the months he had the documents to supplement his original responses. His failure to do so should not be rewarded by crediting his facially inadequate responses.

While this Court is cognizant of Mr. Modi's status as a *pro se* litigant in this matter, as noted in the Prior Decision, Mr. Modi's *pro se* status does not permit him to evade his discovery obligations. *See McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Edwards v. I.N.S.,* 59 F.3d 5, 8 (2d Cir. 1995) ("[*P*]*ro se*

litigants generally are required to inform themselves regarding procedural rules and to comply with them.”).

*Fourth*, Mr. Modi’s responses do not contain the level of detail or specificity required for qualified denials. Each of these responses contain an identical rote objection, followed by an unsupported and formulaic assertion that Mr. Modi made a reasonable inquiry to determine the truth of the requested admission. That, quite simply, is insufficient. *See Guadalupe v. City of New York*, No. 15CIV0220CMJCF, 2016 WL 3570545, at *3 n.3 (S.D.N.Y. June 24, 2016) (citation modified) (holding the “interposition of boilerplate objections to each and every request for admission is troubling” and “a refusal to admit, without detailed reasons why the responder cannot truthfully admit or deny, is the equivalent of an admission.”); *S.E.C. v. Thrasher*, No. 92 CIV. 6987 (JFK), 1996 WL 460148, at *2 (S.D.N.Y. Aug. 13, 1996) (holding “purported denials based on the bare assertion that [the responding party] lacks sufficient information to respond [ ] is improper.”); *Matter of Manley*, 3 B.R. 97, 98 (Bankr. S.D.N.Y. 1980) (“[R]esponses, grounded merely upon insufficient information, without a showing that reasonable inquiry was made, by the express provisions of Rule 36, are inadequate.”); *see generally Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. at 80 (“Moreover, a refusal to admit, without detailed reasons why the responder cannot truthfully admit or deny is the equivalent of an admission.”).

Furthermore, as the Trustee notes, Mr. Modi’s boilerplate objections are particularly troubling in light of Mr. Modi’s other qualified denials which properly provided sufficient explanation for Mr. Modi’s qualification. *See* Motion, p. 7; Second RFA Responses Nos. 34-35. For example, in response to Second RFA No. 35, Mr. Modi raises the form objection noted above, but follows it by stating he is unable to admit or deny the request because he “was not in-charge of day-to-day operations of LOU entities…” Second RFA Response No. 35. Mr. Modi’s ability to

appropriately qualify certain denials, while relying on unsupported boilerplate objections for others, casts significant doubt over whether the latter responses were, in fact, made in good faith and in compliance with the requirements of the applicable rules. Put differently, Mr. Modi's detailed explanation for why he lacked personal knowledge about certain documents gives rise to a fair inference that Mr. Modi's failure to provide a similar explanation for other documents indicates he did, in fact, have sufficient personal knowledge to authenticate those documents and, therefore, Mr. Modi lacked a good faith basis to question the documents' authenticity. *See Thalheim v. Eberheim*, 124 F.R.D. 34, 37 (D. Conn. 1988) (holding a party's denial was inadequate and not made in good faith because, *inter alia*, it was inconsistent with the party's admission in a separate RFA). This inference is particularly strong with respect to the documents Mr. Modi has admitted he signed. *Cf. United States v. Watchmakers of Switzerland Information Center*, 25 F.R.D. 197, 200 (S.D.N.Y. 1959) (overruling defendant's objection to an authentication RFA because the request involved "documents of whose existence defendants are aware.").

**2. The Appropriate Remedy is Deeming the Requests Admitted**

Having determined Mr. Modi's responses to these requests were inadequate, the question, then, is the appropriate remedy for that inadequacy. Pursuant to Rule 36(a)(6), "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). When determining the appropriate remedy for inadequate RFA responses, courts consider a variety of factors, including: (i) whether the requesting party would be prejudiced by permitting supplemental responses; (ii) whether the deficient responses were due to the responding party's lack of good faith; (iii) whether the responding party had an adequate opportunity to conduct a reasonable inquiry; and (iv) the stage of the case. *See Holloway v. City of New York*, No. 21 CV 3858 (AMD) (CLP), 2023 WL 6614599,

at *4 (E.D.N.Y. Sept. 28, 2023) (collecting cases). Applying those factors here, the Court rejects Mr. Modi's request for leave to amend his responses, and concludes the appropriate remedy is to deem these requests admitted.

*First*, the Trustee will plainly be prejudiced by permitting Mr. Modi to amend his responses, particularly given this case is near its conclusion. The period to conduct discovery concluded on October 24, 2025 (more than a year ago) [Adv. Pro. No. 222], and subject to possible modification after issuance of this decision the Trustee's deadline to file a summary judgment motion against Mr. Modi was set for October 16, 2026 [Adv. Pro. No. 288]. The Trustee would plainly be prejudiced by permitting Mr. Modi additional time to amend his inadequate responses. *See Beberaggi v. New York City Transit Auth.*, No. 93 CIV. 1737 (SWK), 1994 WL 18556, at *5 (S.D.N.Y. Jan. 19, 1994) (deeming RFAs admitted because permitting supplemental responses would "further delay [] completing discovery" and likely result in "[the requesting party] facing the possibility of having to litigate the propriety of still another round of admissions responses…"); *cf. S.E.C. v. Batterman*, No. 00 CIV. 4835 (LAP), 2002 WL 31190171, at *7 & n.2 (S.D.N.Y. Sept. 30, 2002) (declining to permit service of untimely RFA responses because it would prejudice plaintiff given "discovery has closed" and "defendants repeatedly have procrastinated and attempted to draw out the proceedings.").

The likelihood of that prejudice is further evidenced by Mr. Modi's proposed amended responses. Mr. Modi seeks to amend his responses to admit that his signature appears on these documents but he, again, intends to deny knowledge or information sufficient to admit or deny the authenticity of the documents. *See* Opposition, ¶ 34. Permitting such a supplemental response would (almost assuredly) result in the Trustee returning to this Court after Mr. Modi's supplemental responses are served to raise the same objections addressed herein. Simply put, this case should

not be further delayed to permit Mr. Modi to serve inadequate amended responses. *Cf. Baker v. David A. Dorfman, P.L.L.C.*, No. 99 CIV. 9385 DLC, 2000 WL 420551, at *6 (S.D.N.Y. Apr. 17, 2000) ("[P]laintiff would be prejudiced if defendants were now permitted to respond to plaintiff's requests for admissions, as the defendants' proposed responses are nonresponsive.").

Accordingly, the prejudice and stage of case factors militate heavily in favor of deeming the requests admitted.

*Second*, the lack of good faith and reasonable inquiry factors similarly militate in favor of deeming the requests admitted. As discussed, Mr. Modi's responses demonstrate a lack of any effort to conduct a reasonable inquiry and, more generally, the lack of a good faith attempt to address the substance of each request. It also bears noting this Court has already admonished Mr. Modi for his dilatory and recalcitrant discovery conduct in the Prior RFA Decision. *See* Prior RFA Decision, pp. 7-9. That history of non-compliance, coupled with the deficiencies in Mr. Modi's efforts to respond to the Second RFAs, militates heavily in favor of deeming the requests admitted. *See Mausner v. Mausner*, No. 23-CV-994 (JMF), 2024 WL 4758563, at *2 (S.D.N.Y. Sept. 26, 2024), *appeal dismissed* (Jan. 6, 2025) (citation modified) (deeming unanswered RFAs admitted because "[d]efendant has done his part to frustrate the discovery process and is therefore not entitled to the full solicitude a Court may grant *pro se* litigants.").

Although deeming requests admitted is a "severe sanction," *see Wiwa v. Royal Dutch Petroleum Co.*, No. 01CIV1909KMWHBP, 2009 WL 1457142, at *5 (citation modified), Mr. Modi's conduct, coupled with the significant prejudice the Trustee would face if amended responses were permitted, makes that remedy appropriate here.

Accordingly, the Motion is GRANTED with respect to Second RFAs Nos. 1, 3, 5, 7, 9, 11, 13, 15-22, 25, 27, 37, 39, 45, 47, 49, 52, 55, 58, 60, 62, 66, 68, 73, 76-77, and 79. However, given the adequate level of specificity provided in Mr. Modi's qualified responses to Second RFAs Nos. 34-35, the Motion is DENIED with respect to Second RFAs Nos. 34-35.

**D. Requests Related to the Content of Annexed Documents**

Another set of RFAs at issue seek admissions of the accuracy, or truth, of the contents of documents annexed to the Second RFAs. *See* Second RFAs Nos. 23-24, 26, 30, 33, 38, 64, and 70-71.

"An attempt to seek admissions to the contents of documents incorporated by reference is improper, except when warranted by exceptional circumstances." *United States v. Consol. Edison Co. of New York*, No. CV-88-0049 (RJD), 1988 WL 138275, at *2 (E.D.N.Y. Dec. 15, 1988) (citation modified). "Whether or not plaintiff may properly seek an admission as to information contained in a document incorporated by reference will depend on whether the facts to be admitted are readily ascertainable by an examination of the request and of the answer." *Id.* (citation modified). Generally, it is "improper for RFAs to seek admissions as to the content and interpretation—rather than genuineness—of documents that were not authored or owned by the respondent." *Jacobson Warehouse Co. v. Prestige Brands, Inc.*, No. 20CV4416CSAEK, 2022 WL 1617711, at *6 (S.D.N.Y. May 23, 2022) (citation modified).

Furthermore, "where requests for admission are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit, or are unduly burdensome, a court may excuse a party from responding to the

requests." *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (citation modified).

Here, the Trustee has failed to satisfy his burden of demonstrating these requests are proper, warranting denial of the Motion with respect to these requests.

*First*, as an initial matter, the Court notes the Trustee has not included a copy of each of the annexed documents in the Motion. Without the benefit of reviewing the underlying documents at issue, the Court is unable to determine the propriety of each of these requests, meaning the Trustee has not satisfied its burden of establishing, in the first instance, the validity of these requests.

Relatedly, there is no indication Mr. Modi authored the documents related to each of these RFAs. That, standing alone, is sufficient to deem these requests improper. *See Jacobson Warehouse Co. v. Prestige Brands, Inc.*, No. 20CV4416CSAEK, 2022 WL 1617711, at *6.

*Second*, a facial review of these requests indicates they likely exceed the permissible scope for requests for admissions. For example, Second RFA No. 38 states, "[a]dmit that the document FIRE-REL0001797433 (attached as Exhibit 24) accurately depicts the financial information, cash flows, and principal customers, and principal suppliers of each LOU Entity by year from fiscal year 2009-2017." Second RFA No. 38. Requesting a party admit the veracity of nine years' worth of financial data, in a single request, is unfair and improper. *See United States v. Consol. Edison Co. of New York*, No. CV-88-0049 (RJD), 1988 WL 138275, at *2 (deeming RFA improper because "[i]n effect, plaintiff seeks an admission as to every fact contained in the document. It is unfair to require defendant in its response to pick out and describe each fact and make an admission or denial as to each."); *see generally Henry v. Champlain Enters., Inc.*, 212 F.R.D. at 80 ("The more

complicated the document, the stronger the objection to such an inquiry because the complexity obscures the Rule 36 intent to have simple and definitive answers.”).

Furthermore, many of these requests appear targeted at fundamental issues which go to the heart of this adversary proceeding. For example, as noted, Second RFA No. 38 seeks an admission regarding the accuracy of the LOU Entities’ financial reporting. *See* Second RFA No. 38. Similarly, Second RFA No. 64 seeks an admission that certain payments “occurred in the amounts and on the dates reflected in” the annexed exhibit. *See* Second RFA No. 64. As the alleged fraudulent scheme involving the LOU Entities is at the “heart of the lawsuit,” these requests are improper. *See Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. at 399 (citation modified).

Accordingly, the Motion is DENIED with respect to Second RFAs Nos. 23-24, 26, 30, 33, 38, 64, and 70-71.

### E. The Remaining Requests

The remaining requests seek admissions regarding various factual issues related to Mr. Modi’s own conduct. *See* Second RFAs Nos. 31-32, 36, 53, 59, 67, 69.

For essentially the same reasons outlined in Point C, *supra*, the Court also finds Mr. Modi’s responses to nearly all of these requests were inadequate. Many of these requests sought targeted admissions regarding Mr. Modi’s alleged conduct, each of which Mr. Modi should have been able to admit or deny based on his own personal knowledge (and, to the extent necessary, aided by simple reference to the annexed documents). Mr. Modi’s boilerplate objections to each of these requests renders is an insufficient response and, as with the prior inadequate responses, the proper remedy for that inadequacy is deeming the requests admitted. *See* Point C, *supra*.

However, the same is not true with respect to Mr. Modi's response to Second RFA No. 36. Second RFA No. 36 requested an admission regarding the date a third party retired from Punjab National Bank. *See* Second RFA No. 36. Mr. Modi responded: "Denied. I lack sufficient information or knowledge on which to admit or deny this Request, and therefore deny." Second RFA Response No. 36. Although this response mirrors the "denied because I lack sufficient information or knowledge" formula that was deemed inadequate in Point C, *supra*, that response is sufficient with respect to this request given it is facially reasonable for Mr. Modi to lack personal knowledge of a third-party's retirement date. *See Diederich v. Dep't of Army*, 132 F.R.D. at 620 ("The requirement of 'reasonable inquiry' does not generally extend to third parties…").

Accordingly, the Motion is GRANTED with respect to Second RFAs Nos. 31-32, 53, 59, 67, and 69. However, the Motion is DENIED with respect to Second RFA No. 36.

### F. The Trustee's Request to Waive Rule 36(b)

Finally, the Trustee also requests the Court not permit Mr. Modi to bring a Rule 36(b) motion to amend or withdraw any of his deemed admissions to the Second RFAs. *See* Motion, Ex. B, ¶ 3. Mr. Modi opposes the request, noting the Motion does not otherwise reference Rule 36(b) and does not address the Rule 36(b) standards for amending or withdrawing deemed admissions. *See* Opposition, ¶¶ 8, 39-41.

The Court agrees with Mr. Modi. The Trustee cites no authority for the proposition that a court may preemptively waive a party's right to bring a Rule 36(b) motion after deeming the party's responses inadequate and, regardless, the Court does not believe it proper to waive Mr. Modi's rights under Rule 36(b) without briefing from the parties on whether the Rule 36(b) standard is satisfied here.

Accordingly, the Motion is DENIED with respect to its request that Mr. Modi be barred from bringing a Rule 36(b) motion to amend or withdraw his deemed admissions.

## CONCLUSION

For the foregoing reasons, the Trustee's motion to deem as admitted the matters stated in the Trustee's Second RFAs to Mr. Modi is GRANTED in part and DENIED in part, as outlined herein. The Trustee is directed, within three business days of this Decision's entry, to submit a revised proposed order to effectuate and memorialize the rulings contained in this Decision.

**SO ORDERED.**

Dated: New York, New York
November 19, 2026

*s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE